DOROTHY D. GOODWIN, Plaintiff v. WALTER H. ZEYDEL, Defendant

No. 8928DC616

(Filed 4 January 1990)

**Divorce and Alimony § 21.9 (NCI3d) — equitable distribution — not sufficiently pled**

The trial court did not err by denying defendant's motion to amend his answer to a divorce complaint to assert a claim for equitable distribution where defendant's answer had asserted a claim to an interest in a specific piece of property or to proceeds in plaintiff's possession flowing from defendant's interest in that piece of property. Even under the most liberal interpretation of the rules of pleadings, defendant's answer did not contain materials or statements sufficient to put plaintiff on notice that defendant was asserting a claim for equitable distribution under N.C.G.S. § 50-20 (1987).

**Am Jur 2d, Divorce and Separation §§ 301, 952.**

APPEAL by defendant from *Roda, Peter L., Judge.* Order entered 27 January 1989 in BUNCOMBE County District Court. Heard in the Court of Appeals 12 December 1989.

In October 1987, plaintiff instituted an action for absolute divorce. In her complaint, plaintiff alleged that she and defendant were married on 31 December 1975, were separated on 1 April 1986, and had lived continuously separate and apart since that time. In Paragraph 1 of a *pro se* answer, defendant admitted the allegations in plaintiff's complaint. Defendant's answer also contained the following paragraphs:

. . .

2. Defendant, however, objects to the dissolution of the bonds of matrimony unless all property claims between the parties are settled judicially or extrajudicially.

3. Defendant has a claim against Plaintiff for the proceeds of the sale of a cooperative apartment unit located at 4000 Cathedral Avenue, N.W., Washington, D.C.

4. The above mentioned property was purchased by Plaintiff and Defendant in April 1976, to which Defendant contributed

GOODWIN v. ZEYDEL

[96 N.C. App. 670 (1990)]

$20,000.00 towards the down payment. Plaintiff sold the same property in 1978 and the proceeds thereof reinvested to purchase a condominium unit at 1800 Old Meadow Road, McLean, Virginia. The latter property was then sold in 1982 and the proceeds thereof used to purchase another condominium unit at 8350 Greensboro Drive, McLean, Virginia, which was then sold on December 13, 1985 for approximately $164,000.00. Plaintiff did not reimburse Defendant for his $20,000.00 contribution nor distribute to Defendant any share of the profits from the said sale.

On 19 November 1987, plaintiff filed a motion in which she sought an order of the Court "severing the divorce complaint from the trial of the other issues in [the] case" and to allow plaintiff to obtain her divorce. Defendant did not respond to that motion, and on 9 December 1987, the Court entered judgment granting plaintiff an absolute divorce from defendant. The decretal section of that judgment contained the following paragraph:

2. That the issue relative to property claims is hereby specifically retained by the Court to be heard at a later time.

On 21 December 1988, defendant, through counsel, filed a motion in which he asserted that his answer reasonably raised the issue of equitable distribution. In the motion, defendant also requested that he be allowed to amend his answer to assert a *counterclaim* (emphasis supplied) for equitable distribution.

On 27 January 1989, the trial court entered an order denying defendant's motion to amend. That order contained a finding of fact, which we deem to be a conclusion of law, that defendant's answer did not raise the issue of equitable distribution. The order also contained the following conclusion of law:

2. [As] a matter of law the Defendant may not now amend his Answer to assert a claim for Equitable Distribution, same not being within the discretion of the trial court.

Defendant has appealed from the 27 January 1989 order.

*Gum & Hillier, P.A., by Howard L. Gum, for plaintiff-appellee.*

*Whalen, Hay, Pitts, Hugenschmidt, Master, Devereux & Belser, P.A., by James J. Hugenschmidt and Barry L. Master, for defendant-appellant.*

WELLS, Judge.

Ordinarily, an order denying a motion to amend is interlocutory and not immediately appealable. However, both N.C. Gen. Stat. §§ 1-277(a) (1983) and 7A-27(d)(1) (1989) allow for an appeal as a matter of right from an interlocutory order which affects a substantial right. In this case, the trial court's order of 27 January 1989 had the effect of forever barring defendant from asserting a claim for equitable distribution, and thus affected a substantial right.

The dispositive question in this case is whether defendant's answer sufficiently asserted a claim for equitable distribution. We agree with the trial court and hold that it did not.

Since our Supreme Court's decision in *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970), our appellate courts have consistently and repeatedly stated that pleadings must be liberally construed, but we have also adhered to the rule stated in *Sutton* that complaints (and thus counterclaims) must be sufficient to give the adverse party notice of the nature and basis of a claim in order to enable the adverse party to respond and prepare for trial.

In this case, defendant's answer asserted a claim to an interest in a specific piece of property, or, to proceeds in plaintiff's possession flowing from defendant's interest in that piece of property. Even under the most liberal interpretation of the rules of pleadings, we cannot agree that defendant's answer contained materials or statements sufficient to put plaintiff on notice that he was asserting a claim for equitable distribution under N.C. Gen. Stat. § 50-20 (1987).

In contending that his answer was sufficient to assert a claim for equitable distribution, defendant relies on the statement of our Supreme Court in *Hagler v. Hagler*, 319 N.C. 287, 354 S.E.2d 228 (1987) that: "There is nothing in the statute regarding the sufficiency of the pleadings to support a claim for equitable distribution." We do not interpret the foregoing statement so broadly as to save defendant's claim under his answer in this case.

The trial court, having properly concluded that defendant's answer did not sufficiently assert a claim for equitable distribution, was required to deny defendant's motion to amend his answer to assert such a claim. N.C. Gen. Stat. § 50-11 (1987) in pertinent part provides:

(e) An absolute divorce obtained within this State shall destroy the right of a spouse to an equitable distribution of the marital property under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce. . . .

For the reasons stated, the judgment of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.