JOANN UPCHURCH EMBLER v. HENRY JAMES EMBLER, II

No. COA00-24

(Filed 17 April 2001)

**Appeal and Error— appealability—equitable distribution order—alimony left open**

An appeal from an equitable distribution order was dismissed as interlocutory where the order explicitly left open the related issue of alimony, there was no certification by the trial court, defendant did not argue that his appeal implicates a substantial right, and the Court of Appeals could not discern a substantial right. Appeals that challenge only the financial repercussions of a separation or divorce generally have not been held to affect a substantial right and there did not appear to be any danger of inconsistent verdicts or of the loss of a personal right such as trial by

EMBLER v. EMBLER

[143 N.C. App. 162 (2001)]

jury. Plaintiff's remarriage and other events occurring since the entry of the equitable distribution order were not properly before the Court of Appeals.

Appeal by defendant from Order entered 2 September 1999 by Judge James M. Honeycutt in Iredell County District Court. Heard in the Court of Appeals 14 February 2001.

*Rudolf, Maher, Widenhouse & Fialko, by M. Gordon Widenhouse, for plaintiff-appellee.*

*Cheshire, Parker, Schneider, Wells & Bryan, by Jonathan McGirt, for defendant-appellant.*

BIGGS, Judge.

Defendant-appellant appeals from an Equitable Distribution Order entered by the trial court. We find this appeal to be interlocutory in nature, and further find that no substantial right of defendant's will be lost without immediate review. Accordingly, we allow plaintiff's Motion to Dismiss Interlocutory Appeal, filed 7 June 2000.

Henry Embler, defendant-appellant, and Joann Embler, plaintiff-appellee, were married in 1976, separated in 1993, and were divorced in 1996. The couple had one child from the marriage. On 10 June 1996, plaintiff filed a complaint seeking custody, child support, attorneys' fees, absolute divorce, and equitable distribution. Defendant filed a counterclaim for custody and child support. The plaintiff's claim for equitable distribution was heard before Judge Honeycutt on 15 March 1999. On 2 September 1999, the court entered an order finding that the distributional factors in plaintiff's favor outweighed those in defendant's favor. The trial judge awarded plaintiff sixty percent (60%) of the marital estate; distributed specific property to each party; and ordered the defendant to pay a distributive award of over $24,000 to the plaintiff. The court's order also states that "*the issue of alimony has not yet been heard.*" (emphasis added).

Defendant appealed from the equitable distribution order on 30 September 1999. Several months later, on 20 January 2000, the parties signed a consent order regarding child custody. Although a dispute subsequently arose regarding the location where the parties would exchange the child, this was resolved in an Order entered 31 March 2000, leaving no further disputes regarding child custody. On 1 May 2000 the defendant filed a Motion to Amend the Record, and a

Petition for Writ of Certiorari. The Motion to Amend sought to insert into the Record a missing transcript page and a copy of the Order resolving the dispute between the parties over where to exchange their child. The Petition asked this Court to entertain the appeal, notwithstanding the fact that the defendant's appeal is from an order entered prior to resolution of the issues of custody, child support, or alimony.

On 7 June 2000, plaintiff filed a Motion to Dismiss Interlocutory Appeal. Plaintiff's Motion sought dismissal of defendant's appeal on the ground that it had been filed before a final resolution of all issues in the case. On 8 June 2000, plaintiff notified defendant of her intention to seek a 31 July 2000 hearing on the issue of alimony. On 31 July 2000, plaintiff filed a Motion to Amend the Record, seeking to add a Cross Assignment of Error and several documents to the Record.

On 28 February 2001, this Court issued orders denying defendant's Petition for Writ of Certiorari, and allowing plaintiff's Motion to Amend the Record. We have allowed defendant's Motion to Amend the Record. Upon review of the record, briefs of the parties and applicable law, this Court concludes that defendant has appealed prematurely, from an interlocutory order that is not immediately appealable. Accordingly, we allow plaintiff's Motion to Dismiss Interlocutory Appeal.

A judicial order is either "interlocutory or the final determination of the rights of the parties." N.C.G.S. § 1A-1, Rule 54(a) (1999). The distinction between the two was addressed in *Veazey v. Durham*, 231 N.C. 354, 57 S.E.2d 377 (1950), wherein the Court stated:

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. . . . An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Id.* at 361-62, 57 S.E.2d at 381 (citations omitted). A final judgment is always appealable. However, an interlocutory order is immediately appealable only under two circumstances. First, "if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334

(1995) (citations omitted). Under Rule 54(b), the trial judge must certify that there is no just reason for delay. Since there was no certification in the instant case, this avenue of interlocutory appeal is closed to defendant.

The other situation in which an immediate appeal may be taken from an interlocutory order is when the challenged order affects a substantial right of the appellant that would be lost without immediate review. *Bailey v. Gooding*, 301 N.C. 205, 270 S.E.2d 431 (1980); *Goodwin v. Zeydel*, 96 N.C. App. 670, 387 S.E.2d 57 (1990) (where denial of motion to amend answer would result in forfeiture of any future claim for equitable distribution, a substantial right is at issue and the denial is immediately appealable). This rule is grounded in sound policy considerations. Its goal is to "prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." *Bailey*, 301 N.C. at 209, 270 S.E.2d at 434. (citations omitted). " 'Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment.' " *Hunter v. Hunter*, 126 N.C. App. 705, 708, 486 S.E.2d 244, 245-46 (1997) (quoting *Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951)). An appellant who objects to an interlocutory order should allow the case to proceed, and then bring the issue before the Court as part of an appeal from the final judgment. *Yang v. Three Springs, Inc.*, 142 N.C. App. 328, 542 S.E.2d 666 (2001).

In the instant case, defendant appeals from an equitable distribution order that explicitly left open the related issue of alimony. The parties do not seriously dispute that this was an interlocutory order; even defendant "concedes that, in the strictly formal sense, Appellee has a 'pending' claim for alimony." The issue before this Court is whether an immediate appeal lies from this interlocutory order.

Immediate appeal from an interlocutory order depends upon a finding by this Court that delay of the appeal will jeopardize a substantial right of appellant's, causing an injury that might be averted if the appeal were allowed. A substantial right is "one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000), (quoting *Blackwelder v. Dept. of*

EMBLER v. EMBLER

[143 N.C. App. 162 (2001)]

*Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983)), (substantial right not affected by order granting summary judgment on contract claim but not on tort claim).

Whether an interlocutory appeal affects a substantial right is determined on a case by case basis. *McCallum v. North Carolina Cooperative Extension Service of N.C. State University*, 142 N.C. App. 48, 542 S.E.2d 227 (2001). Our courts generally have taken a restrictive view of the substantial right exception. *Blackwelder*, 60 N.C. App. 331, 299 S.E.2d 777 (1983).

Interlocutory appeals that challenge only the financial repercussions of a separation or divorce generally have not been held to affect a substantial right. *See, e.g., Stafford v. Stafford*, 133 N.C. App. 163, 515 S.E.2d 43 (1999) (parties seek immediate review, prior to equitable distribution trial, of date of separation used by trial court in its entry of order granting absolute divorce; held not to affect substantial right where date relevant only to equitable distribution claim); *Rowe v. Rowe*, 131 N.C. App. 409, 507 S.E.2d 317 (1998) (orders awarding postseparation support not immediately appealable); *Hunter v. Hunter*, 126 N.C. App. 705, 486 S.E.2d 244 (1997) (interim equitable distribution order not immediately appealable); *Dixon v. Dixon*, 62 N.C. App. 744, 303 S.E.2d 606 (1983) (order requiring one spouse to return property to marital home pending resolution of equitable distribution and divorce actions not immediately appealable); *Stephenson v. Stephenson*, 55 N.C. App. 250, 285 S.E.2d 281 (1981) (*pendente lite* awards not immediately appealable).

The burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 444 S.E.2d 252 (1994). Defendant has not argued that his appeal implicates a substantial right, and we do not discern one. As this Court noted in *Stephenson*, 55 N.C. App. 250, 285 S.E.2d 281:

> [T]he matter could have been heard on its merits and a final order entered by the District Court . . . months before the appeal reached this Court for disposition. There is an inescapable inference drawn . . . that the appeal . . . is pursued for the purpose of delay rather than to accelerate determination of the parties' rights. The avoidance of deprivation due to delay is one of the purposes for the rule that interlocutory orders are not immediately appealable.

*Id.* at 251, 285 S.E.2d at 282. There does not appear to be any danger of inconsistent verdicts in this situation, nor of the loss of a personal right, such as the right to trial by jury.

Defendant asserts in his Response to Appellee's Motion to Dismiss Interlocutory Appeal that plaintiff has remarried, rendering her claim for alimony "quixotic, if not utterly futile." However, plaintiff's alleged remarriage is not properly before this Court; nor are any other events that purportedly have occurred since the entry of the equitable distribution order.

Considerations of judicial economy militate towards deferring our consideration of defendant's appeal until a final judgment has been entered in this case. Defendant has appealed from an interlocutory order, which does not affect a substantial right. We find that there is no right to immediate appeal from this Order of Equitable Distribution. Therefore, we grant plaintiff's Motion to Dismiss Interlocutory Appeal.

Appeal Dismissed.

Judges WALKER and SMITH concur.