McINTYRE v. McINTYRE

[175 N.C. App. 558 (2006)]

━━━━━━━━━━━━━

STEVE McINTYRE, Plaintiff v. VICKI McINTYRE, Defendant

No. COA05-344

(Filed 17 January 2006)

**Appeal and Error— appealability—interlocutory order—failure to show substantial right**

Although both parties appeal various trial court rulings which resolve the issue of equitable distribution, the merits of the parties' contentions cannot be reached because the parties appealed an interlocutory order when the related issue of alimony remained. Although the parties maintain they will avoid retrial of the issue of alimony in the event the Court of Appeals reverses and/or vacates the equitable distribution orders, avoidance of a rehearing or trial is not a substantial right entitling a party to an immediate appeal.

Appeal by plaintiff from order entered 27 June 2000 by Judge Victoria L. Roemer in Forsyth County District Court. Appeal by plaintiff and defendant from order entered 31 July 2001 and judgment entered 3 December 2004 by Judge Chester C. Davis in Forsyth County District Court. Heard in the Court of Appeals 15 November 2005.

*Michelle D. Reingold for plaintiff.*

*Bell, Davis & Pitt, P.A., by Robin J. Stinson, and Gatto Law Offices, by Joseph J. Gatto, for defendant.*

McINTYRE v. McINTYRE

[175 N.C. App. 558 (2006)]

JOHN, Judge.

Steve McIntyre ("plaintiff") appeals the trial court's 27 June 2000 order denying his motion for partial summary judgment on the equitable distribution claim of Vicki McIntyre ("defendant"). Plaintiff and defendant appeal the trial court's 31 July 2001 order ("the Order") allowing the equitable distribution trial to proceed, as well as the court's 3 December 2004 judgment ("the Judgment") awarding the parties certain separate and marital property. For the reasons discussed herein, we are compelled to dismiss the appeal.

Pertinent factual and procedural background information includes the following: Plaintiff and defendant married 17 July 1986 in Lexington, North Carolina. Following a 22 December 1999 separation, they were divorced 28 January 2002. Plaintiff initiated the instant action by filing a 24 August 1999 complaint seeking divorce from bed and board and division of the parties' separate and marital property. Defendant responded with a 25 October 1999 answer and counterclaim, requesting, *inter alia,* equitable distribution of the parties' property as well as provision of post-separation support and permanent alimony commensurate with defendant's needs. In his reply filed 4 November 1999, plaintiff countered that an attached document entitled "Prenuptial. Agreement" ("the Agreement") barred defendant's "martial rights in the real estate and personal property of [] plaintiff and particularly with regard to claims for alimony and equitable distribution . . . ."

The Agreement, signed by both parties and dated 17 July 1986, provides as follows:

THAT WHEREAS, said parties have agreed to be married, each to the other; and WHEREAS said parties each own property; and WHEREAS said parties, deeming the same to be just and fair to the other party, have mutually agreed as herein set out:

NOW, THEREFORE, in consideration of said contemplated marriage and of the covenants hereby entered into, the parties mutually agree as follows:

FIRST: STEVE A. McINTYRE hereby releases, renounces and forever quitclaims to VICKIE [sic] GAIL TRUELL all right, title, interest, claim and demand whatsoever including all marital rights in the real estate and personal property of VICKIE [sic] GAIL TRUELL and agrees that VICKIE [sic] GAIL TRUELL may at

all times hereafter purchase, acquire, own[,] hold, possess, encumber, dispose of and convey any and all kinds and classes of property, both real and personal, as though still unmarried and without the consent, joinder or interference of the party of STEVE A. McINTYRE.

SECOND: VICKIE [sic] GAIL TRUELL hereby releases, renounces and forever quitclaims to STEVE A. McINTYRE all right, title, interest, claim and demand whatsoever including all marital rights in the real estate and personal property of STEVE A. McINTYRE and agrees that STEVE A. McINTYRE may at all times hereafter purchase, acquire, own, hold, possess, encumber, dispose of and convey any and all kinds of classes of property, both real and personal, as though still unmarried and without the consent, joinder or interference of VICKIE [sic] GAIL TRUELL.

Citing the Agreement, plaintiff moved for partial summary judgment, contending no genuine issue of material fact remained regarding defendant's claim for equitable distribution. In an order entered 27 June 2000, Judge Victoria L. Roemer denied plaintiff's motion. On 24 April 2001, Judge Laurie L. Hutchens allowed defendant's motion to amend her answer and counterclaim to allege duress and undue influence, fraud and misrepresentation, unconscionability and inadequate disclosure, and unenforceability in relation to the Agreement.

Judge Chester C. Davis conducted a hearing on 6 July 2001, following which he entered the Order. Judge Davis found as fact therein that the Agreement did not prohibit defendant's claims to marital property, and further that because

the terms of the Agreement distinguish the property that the parties owned at the time of their marriage rather than property acquired after their marriage . . . the [Agreement] simply provided that [plaintiff] and [defendant] were "free traders."

Based in part upon the foregoing findings, Judge Davis concluded as a matter of law that defendant was not "influenced, coerced or under duress" when she signed the Agreement and that the document did not "determine the property interest of the parties as to property acquired following their marriage on July 17, 1986." Ultimately, Judge Davis ruled defendant's equitable distribution claim was not barred by the Agreement and could proceed to a trial on the merits "as to all property acquired following the parties' marriage . . . without preju-

dice to either party's right to argue classification and distribution issues pursuant to N.C.G.S. § 50-20 . . . ."

The case proceeded to trial in April 2004. Following 20 April, 17 May, 18 May, and 21 June 2004 hearings, Judge Davis determined an equal distribution of the parties' property was "both just and fair." On 3 December 2004, Judge Davis entered the Judgment, finding as fact he

> ha[d] previously ruled . . . that the real estate and personal property stated in the document referred to as the "Prenuptial Agreement" applied to the property in existence as of the date of the parties['] marriage, and therefore Equitable Distribution could continue with respect to property acquired after the parties' marriage.

After classifying and valuing the parties' assets, Judge Davis awarded certain property to each party and ordered defendant to pay plaintiff $25,478.16 within thirty days.

Plaintiff appeals Judge Roemer's 27 June 2000 order, and both parties appeal the Order and the Judgment of Judge Davis.

---

Plaintiff contends the trial court erred by: (i) determining the Agreement was a "free trader" agreement which did not bar defendant's claim for equitable distribution; and (ii) considering a Douglas Form book in its determination. Defendant contends the trial court erred by: (i) declining to set aside the Agreement entirely due to duress and undue influence on the part of plaintiff; (ii) failing to consider the effects of appreciation and improvements to the parties' property during marriage; and (iii) distributing the parties' property equally. However, we are unable to reach the merits of the parties' contentions because the appeal is interlocutory.

In the case *sub judice*, the parties appeal various trial court rulings which resolve the issue of equitable distribution but leave open the related issue of alimony. Judicial orders are "either 'interlocutory or the final determination of all rights of the parties.' " *Embler v. Embler*, 143 N.C. App. 162, 164, 545 S.E.2d 259, 261 (2001) (quoting N.C. Gen. Stat. § 1A-1, Rule 54(a)).

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but

leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. Durham*, 231 N.C. 354, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted).

While a final judgment is always appealable, an interlocutory order may be appealed immediately only if (i) the trial court certifies the case for immediate appeal pursuant to N.C.G.S. § 1A-1, Rule 54(b), or (ii) the order "affects a substantial right of the appellant that would be lost without immediate review." *Embler*, 143 N.C. App. at 165, 545 S.E.2d at 261. "This rule is grounded in sound policy considerations[,]" *id.*, including the prevention of "fragmentary and premature appeals that unnecessarily delay the administration of justice" and the assurance that "the trial divisions fully and finally dispose of the case before an appeal can be heard," *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980) (citations omitted).

Both plaintiff and defendant concede the "outstanding alimony claim . . . remains to be heard in this case[,]" and thus do not contest the interlocutory nature of their appeal. Without question, moreover, neither the Order nor the Judgment contains certification by the trial court for immediate appeal pursuant to N.C.G.S. § 1A-1, Rule 54. Nonetheless, the parties in effect lay claim to the "substantial right" exception by maintaining appeal has been taken herein "in the interest of judicial economy." They request

that this Court determine whether or not the equitable distribution orders are proper prior to the alimony hearing in order for the trial court in the alimony hearing to accurately consider the parties' financial standing in the event that alimony is awarded.

The parties further assert that

[b]y completing the equitable distribution portion of the case, the parties avoid the time and expense of trying an alimony case, only to retry the issue of alimony in the event that this Court reverses and/or vacates the equitable distribution orders.

Unfortunately for the parties, these arguments, while perhaps persuasive at first blush, have previously been resolved against them by this Court.

"Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *Embler*, 143 N.C. App. at 166, 545 S.E.2d at 262 (citation omitted). "Our courts generally have taken

a restrictive view of the substantial right exception[,]" *id.* (citation omitted), requiring the appellant to "establish that a substantial right will be affected unless he is allowed immediate appeal" and rejecting for review those "[i]nterlocutory appeals that challenge only the financial repercussions of a separation or divorce . . . ." *Id.*; *see also Stafford v. Stafford*, 133 N.C. App. 163, 164, 515 S.E.2d 43, 44 (appeal seeking immediate review of date of separation used by trial court in absolute divorce judgment held not to affect a substantial right where date relevant only to equitable distribution claim), *aff'd per curiam*, 351 N.C. 94, 520 S.E.2d 785 (1999); *Rowe v. Rowe*, 131 N.C. App. 409, 411, 507 S.E.2d 317, 319 (1998) (order of post-separation support not immediately appealable); *Hunter v. Hunter*, 126 N.C. App. 705, 708, 486 S.E.2d 244, 245-46 (1997) (interim equitable distribution order not immediately appealable); *Dixon v. Dixon*, 62 N.C. App. 744, 745, 303 S.E.2d 606, 607 (1983) (order requiring return of property to marital home pending disposition of equitable distribution and divorce actions not immediately appealable); *Stephenson v. Stephenson*, 55 N.C. App. 250, 251, 285 S.E.2d 281, 281-82 (1981) (monetary *pendente lite* orders not immediately appealable).

In *Embler*, this Court held the trial court's equitable distribution order "that explicitly left open the related issue of alimony" was interlocutory and neither affected a substantial right nor presented the potential for inconsistent verdicts. 143 N.C. App. at 167, 545 S.E.2d at 262-63. Although the Order and the Judgment herein do not "explicitly" leave open the issue of alimony, we perceive no distinction between the circumstances of the case *sub judice* and those in *Embler*.

In seeking immediate appeal, the parties maintain they will avoid retrial of "the issue of alimony in the event that this Court reverses and/or vacates the equitable distribution orders" following a timely-filed appeal. As in *Embler*, however, there appears to be no danger of inconsistent verdicts were we to remand this case to the trial court. Further, this Court has consistently stated that " 'avoidance of a rehearing or trial is not a "substantial right" entitling a party to an immediate appeal.' " *Banner v. Hatcher*, 124 N.C. App. 439, 442, 477 S.E.2d 249, 251 (1996) (quoting *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983)). Regarding the parties' contention that "the interest of judicial economy" compels immediate review so as to avoid any delay caused by the potential for retrial of the alimony action, we note the admonition of this Court approximately twenty-six years ago that

the matter could have been heard on its merits and a final order entered by the District Court . . . months before the appeal reached this court for disposition. . . . The avoidance of deprivation due to delay is one of the purposes for the rule that interlocutory orders are not immediately appealable.

*Stephenson*, 55 N.C. App. at 251, 285 S.E.2d at 282.

In short, because the parties have failed to distinguish *Embler* or to meet their burden of identifying a substantial right which would be affected were we to decline review of the instant appeal, *see Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002) ("moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party"), the appeal must be dismissed as interlocutory. Whatever might be the personal inclination of one or more members of this panel, we are bound by *Embler* and the other authorities cited herein. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). The recourse of the parties and others similarly situated is to our Supreme Court or to the General Assembly.

Appeal Dismissed.

Judges WYNN and STEELMAN concur.