DORIS FALLS PARHAM, Plaintiff,
v.
ROBERT EARL PARHAM, Defendant.
No. COA06-1597
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Mary Elizabeth Arrowood for plaintiff-appellant.
Donald H. Barton, P.C., by Donald H. Barton for defendant-appellee.
BRYANT, Judge.
Doris Falls Parham (plaintiff) and Robert Earl Parham (defendant) were married to one another on 14 August 1992 and were separated on 20 May 2003. In June 2003, plaintiff filed an action against defendant seeking divorce from bed and board, alimony and post-separation support, and an equitable distribution of marital property. The parties were divorced on 10 December 2004.
The case proceeded to trial on the issue of equitable distribution in May 2005. On 17 November 2005, the trial court entered an equitable distribution judgment, in which the trial court determined "an equal division of Marital and Divisible Property is equitable." Plaintiff subsequently filed a "Motion to Amend Judgment" pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. The trial court denied the motion to amend on 24 April 2006. Plaintiff appeals.
Plaintiff assigns error to various trial court rulings which resolve the issue of equitable distribution. However, we are unable to reach the merits of plaintiff's contention because the appeal is interlocutory. Judicial orders are "either `interlocutory or the final determination of all rights of the parties.'"Embler v. Embler, 143 N.C. App. 162, 164, 545 S.E.2d 259, 261 (2001) (quoting N.C. Gen. Stat. § 1A-1, Rule 54(a)).
A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.
Veazey v. Durham, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted). Here, an outstanding alimony claim remains to be heard in this case and thus plaintiff's appeal is interlocutory.
An interlocutory order may be appealed immediately only if (i) the trial court certifies the case for immediate appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), or (ii) the order "affects a substantial right of the appellant that would be lost without immediate review." Embler, 143 N.C. App. at 164, 545 S.E.2d at 261. This rule is to prevent "fragmentary and premature appeals that unnecessarily delay the administration of justice" and "to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." Bailey v. Gooding, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980) (citations omitted).
The trial court did not certify its orders pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. Thus, the orders are reviewable only if they affect a substantial right. The question of whether an interlocutory appeal affects a substantial right must be considered in light of the "particular facts of that case and the procedural context in which the order from which appeal is sought was entered." Sharpe v. Worland, 351 N.C. 159, 162-63, 522 S.E.2d 577, 579 (1999) (citations omitted), disc. review denied, 352 N.C. 150, 544 S.E.2d 228 (2000); see also Embler, 143 N.C. App. at 165, 545 S.E.2d at 262 ("Whether an interlocutory appeal affects a substantial right is determined on a case by case basis."). "Our courts generally have taken a restrictive view of the substantial right exception[,]" and "[t]he burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order." Id. (citations omitted).
In addition, when an appeal is interlocutory, the appellant must include in his statement of grounds for appellate review "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4). Although plaintiff notes "there is a pending alimony claim in this matter" in her Statement of the Facts set out in her brief, she does not address the interlocutory nature of her appeal. Indeed, plaintiff's Appeal Information Statement reflects that her appeal is from a final judgment. Further, plaintiff's brief to this Court does not contain a statement of the grounds for appellate review as required by Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure. "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]" Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). We conclude plaintiff has not met her burden. Because plaintiff has failed to meet her burden of identifying a substantial right which would be affected were this Court to decline review of the instant appeal, the appeal must be dismissed as interlocutory. McIntyre v. McIntyre, 175 N.C. App. 558, 563, 623 S.E.2d 828, 832 (2006).
Dismissed.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).