BARBARA DUNCAN, Plaintiff,
v.
JOHN DUNCAN, Defendant.
No. COA08-374
North Carolina Court of Appeals.
Filed November 18, 2008
This case not for publication
Hyler & Lopez, P.A., by George B. Hyler, Jr. and Stephen P. Agan, for defendant-appellant.
Siemens Law Office, P.A., by Jim Siemens, for plaintiff-appellee.
BRYANT, Judge.
John Duncan (defendant) appeals from an order entered 15 October 2007 determining that the date of defendant's marriage to Barbara Duncan (plaintiff) was 15 October 1989. We dismiss the appeal as interlocutory.

Facts
On 15 October 1989, plaintiff Barbara Duncan and defendant John Duncan (collectively, "the couple" or "the Duncans") participated in a Native American marriage ceremony performed by Hawk Littlejohn, a Cherokee Medicine Man, who possessed a certificate stating that he was ordained by the Universal Life Church. Following the ceremony, plaintiff changed her last name, the couple signed a marriage certificate and filed it with the Macon County Register of Deeds, and the Duncans held themselves out in the community as a married couple. The Duncans had two children together: a son who was born in 1986, and a daughter who was born in 1993. In 2001, an estate planning attorney questioned the validity of the couple's 1989 marriage ceremony. The attorney advised the Duncans to conduct a new marriage ceremony, and they took his advice. On 14 October 2001, the couple held another marriage ceremony at The First Presbyterian Church in Franklin, North Carolina.
The couple separated and on 27 June 2005, plaintiff brought an action seeking divorce from bed and board, post-separation support, alimony, equitable distribution, custody, and child support. Defendant filed an answer and counterclaim on 8 July 2005, seeking divorce from bed and board, equitable distribution, custody, and child support. Defendant also denied that the parties were lawfully married on 15 October 1989 and alleged that they were instead married on 14 October 2001. On 25 May 2006, plaintiff filed a notice of hearing in the trial court seeking judicial determination of the date of the Duncans' marriage as a preliminary matter; the trial court held a hearing on 12 September 2006.
By order entered 15 October 2007, the trial court determined that the couple's 15 October 1989 marriage ceremony resulted in a valid marriage, that 15 October 1989 was the date of marriage for all matters related to the action, and that defendant was judicially and equitably estopped from arguing that 15 October 1989 was not the date of marriage. From that order, defendant appeals.
The dispositive issue on appeal is whether defendant's appeal is premature. An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all parties involved in the controversy. See Veazey v. Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Generally, there is no right to immediate appeal from an interlocutory order. See id. In the instant case, the trial court's order requires further action, as it did not resolve the parties' claims for divorce from bed and board, equitable distribution, alimony, post-separation support, custody, or child support. Thus, the order is interlocutory.
In general, a party may appeal from an interlocutory order only under limited circumstances. Under the circumstances of the instant case, defendant's appeal would be permissible only if the order affects a substantial right that cannot be preserved in the absence of an immediate appeal. See N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (2007). "A substantial right is `one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment.'" Embler v. Embler, 143 N.C. App. 162, 165, 545 S.E.2d 259, 262 (2001) (quoting Turner v. Norfolk S. Corp., 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000)). Defendant bears the burden of showing the order affectsa substantial right. Hunter v. Hunter, 126 N.C. App. 705, 707, 486 S.E.2d 244, 245 (1997).
Here, defendant argues that the trial court's order affects a substantial right if he is not allowed immediate appeal in that he will be forced to pay significant costs to litigate the issue of whether the value of defendant's separate property was enhanced by any marital property during the twelve-year period from 15 October 1989 to 14 October 2001. However, this Court has generally taken a restrictive view of the substantial right exception in the context of equitable distribution or alimony matters and has previously recognized that "[i]nterlocutory appeals that challenge only the financial repercussions of a separation or divorce generally have not been held to affect a substantial right." Embler, 143 N.C. App. at 166, 545 S.E.2d at 262 (citations omitted); see also McIntyre v. McIntyre, 175 N.C. App. 558, 563, 623 S.E.2d 828, 831 (2006) (order deciding equitable distribution claim and leaving open alimony claim was not immediately appealable); Stafford v. Stafford, 133 N.C. App. 163, 515 S.E.2d 43 (1999) (order leaving equitable distribution claim open was not immediately appealable), aff'd per curiam, 351 N.C. 94, 520 S.E.2d 785 (1999).
In Stafford, the defendant in a divorce action appealed from an order which determined the parties' separation date but left open the plaintiff's equitable distribution claim. Id. at 165, 515 S.E.2d at 45. On appeal, the defendant argued that the order affected a substantial right because determination of the parties' separation date was fundamental to the plaintiff's equitable distribution claim. Id. This Court dismissed the appeal holding that the order did not affect a substantial right or present a danger of inconsistent verdicts. Id.
As in Stafford, defendant is appealing an interlocutory order that decided a preliminary issue and has great financial impact on the parties' equitable distribution claims. Since it is well-established that financial distributions do not generally affect a substantial right, we find the trial court's order is not immediately appealable. Id. at 165, 515 S.E.2d at 45. Accordingly, this appeal is dismissed as interlocutory.
Dismissed.
Judges TYSON and ARROWOOD concur.
Report per Rule 30(e).