IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-207

 No. COA21-204

 Filed 5 April 2022

 Mecklenburg County, No. 18 CVS 19752

 PATRICK PRESTON, Plaintiff,

 v.

 TOSHIKO PRESTON, Defendant.

 Appeal by defendant from order entered 2 September 2020 by Judge Karen D.

 McCallum in Mecklenburg County District Court. Heard in the Court of Appeals 26

 January 2022.

 Hamilton Stephens Steele & Martin, PLLC, by Kyle W. LeBlanc, for Plaintiff-
 Appellee.

 Fleet Law, by Jennifer L. Fleet, for Defendant-Appellant.

 CARPENTER, Judge.

¶1 Toshiko Preston (“Defendant”) appeals from an order granting sanctions and

 attorneys’ fees to Patrick Preston (“Plaintiff”). We dismiss Defendant’s appeal as

 interlocutory.

 I. Background

¶2 Plaintiff and Defendant were married on 25 July 1988. The facts leading to

 the imposition of sanctions against Defendant are as follows: Plaintiff filed a
 PRESTON V. PRESTON

 2022-NCCOA-207

 Opinion of the Court

 complaint for absolute divorce in October 2018. On 12 July 2019, Defendant filed her

 answer as well as motions to dismiss for lack of subject matter jurisdiction, improper

 venue, insufficiency of process, failure to state a claim, and a motion for sanctions. A

 hearing on these motions was held on 15 January 2020 (“the motions to dismiss

 hearing”). At the motions to dismiss hearing, the trial court indicated Defendant

 argued “profusely” that Plaintiff was not a citizen or resident of Mecklenburg County,

 that venue was improper in Charlotte, North Carolina and that North Carolina

 lacked jurisdiction to proceed with Plaintiff’s complaint for absolute divorce. The trial

 court found Plaintiff was, in fact, a North Carolina resident, and jurisdiction was

 proper. Defendant appealed the trial court’s decision, and those matters were

 resolved by this Court in the case of Preston v. Preston, 2021-NCCOA-670

 (unpublished). In the appeal now before us, we review the imposition of sanctions

 against Defendant pursuant to N.C. Gen. Stat. § 1A-1, R. 11 (2021) (“Rule 11”).

¶3 On 14 January 2020, one day before the motions to dismiss hearing, Defendant

 signed a verification for her complaint for post separation support, alimony, equitable

 distribution, and attorneys’ fees. Contrary to the position she took at the motions to

 dismiss hearing, Defendant’s complaint stated Plaintiff was a resident of North

 Carolina and admitted jurisdiction was proper. The complaint was file stamped on

 15 January 2020, approximately one hour after the conclusion of the motions to

 dismiss hearing. In February 2020, Defendant also filed a motion to stay the divorce
 PRESTON V. PRESTON

 2022-NCCOA-207

 Opinion of the Court

 proceeding, which was denied. Plaintiff subsequently filed a motion for sanctions and

 attorneys’ fees pursuant to Rule 11. The divorce had not been finalized at the time

 both parties’ briefs were filed.

¶4 On 1 September 2020, the trial court signed a written order granting Plaintiff’s

 request for sanctions against Defendant and ordering Defendant to pay Plaintiff

 $15,000.00 in attorneys’ fees, to be remitted in monthly increments of $300.00 until

 paid in full. On 30 September 2020 Defendant filed a notice of appeal.

 II. Jurisdiction

¶5 Defendant’s appeal is interlocutory. “An interlocutory order is one made

 during the pendency of an action, which does not dispose of the case, but leaves it for

 further action by the trial court in order to settle and determine the entire

 controversy.” Beasley v. Beasley, 259 N.C. App. 735, 738, 816 S.E.2d 866, 870 (2018)

 (citation omitted). “[N]o appeal lies to an appellate court from an interlocutory order

 or ruling of the trial judge unless such ruling or order deprives the appellant of a

 substantial right.” Waters v. Qualified Pers., Inc., 294 N.C. 200, 207, 240 S.E.2d 338,

 343 (1978) (internal citations and quotation marks omitted). This Court has

 previously held: “Certain sanctions have been deemed immediately appealable

 because they affect a substantial right . . . [h]owever, an order to pay attorney’s fees

 as a sanction does not affect a substantial right.” Long v. Joyner, 155 N.C. App. 129,

 134, 574 S.E.2d 171, 175, (2002) (emphasis added) (internal quotations and citations
 PRESTON V. PRESTON

 2022-NCCOA-207

 Opinion of the Court

 omitted). As we stated in Long, “[t]he order granting attorney fees is interlocutory,

 as it does not finally determine the action nor affect a substantial right which might

 be lost, prejudiced, or be less than adequately protected by exception to entry of the

 interlocutory order.” Id. at 134, 574 S.E.2d at 175 (quoting Cochran v. Cochran, 93

 N.C. App. 574, 577, 378 S.E.2d 580, 582 (1989)).

¶6 However, we have also held an order for a party to pay a “significant amount

 of money” may be immediately appealed if it can be shown by the appealing party to

 affect a substantial right. See Estate of Redden ex rel. Morely v. Redden, 179 N.C.

 App. 113, 116-17, 632 S.E.2d 794, 798 (2006) (“The Order appealed affects a

 substantial right of [the] Defendant . . . by ordering her to make immediate payment

 of a significant amount of money; therefore this Court has jurisdiction over the

 Defendant’s appeal pursuant to N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-

 27(d).” (citations omitted)), remanded on other grounds, 361 N.C. 352, 649 S.E.2d 638

 (2007); N.C. Gen. Stat. § 7A-27(b). Of course, “[t]he burden is on the appellant to

 establish that a substantial right will be affected unless he is allowed immediate

 appeal from an interlocutory order.” Embler v. Embler, 143 N.C. App. 162, 166, 545

 S.E.2d 259, 262 (2001) (citation omitted).

¶7 In Beasley v. Beasley, the plaintiff was ordered to pay $48,188.15 in attorneys’

 fees to his former wife. 259 N.C. App. at 742, 816 S.E.2d at 873. The trial court had

 not determined and resolved the parties’ equitable distribution claims. Id. at 741,
 PRESTON V. PRESTON

 2022-NCCOA-207

 Opinion of the Court

 816 S.E.2d at 872. In Beasley, the issue before this Court was “whether an order for

 attorney’s fees, which completely disposes of that issue as it relates to other

 substantive claims, is immediately appealable . . . particularly where . . . it arguably

 affects a substantial right.” Id. at 741, 816 S.E.2d at 872 (citations and internal

 quotation marks omitted). This Court held the plaintiff’s interlocutory appeal was

 entitled to immediate review and reasoned:

 to delay plaintiff's appeal from the order regarding
 attorney’s fees until a final determination on the merits of
 all the parties’ remaining claims would jeopardize
 plaintiff’s substantial right not only because it is “an order
 which completely disposes of one of several issues in a
 lawsuit . . . but also because it orders plaintiff to pay a not
 insignificant amount—$48,188.15—in attorney’s fees.

 Id. at 742, 816 S.E.2d at 872–73.

¶8 The distinction between Beasley and the case at bar is two-pronged and lies in

 the manner in which the award for attorneys’ fees was requested. In Beasley, an

 award of attorneys’ fees was requested pursuant to statutory authority, specifically

 N.C. Gen. Stat. § 50-13.6 (2017) (“Counsel fees in actions for custody and support of

 minor children”) and N.C. Gen. Stat. § 50-16.4 (2017) (“Counsel fees in actions for

 alimony, post-separation support”). Id. at 740, 816 S.E.2d at 871. In the case at bar,

 Plaintiff does not request an award of attorneys’ fees pursuant to North Carolina’s

 alimony or child support statutes, but requests the award in conjunction with Rule

 11, as part of a motion for sanctions against Defendant. See N.C. Gen. Stat. § 1A-1,
 PRESTON V. PRESTON

 2022-NCCOA-207

 Opinion of the Court

 R. 11.

¶9 As to the first distinction between Beasley and the case at bar, the grant of

 attorneys’ fees in Beasley involved the final disposal of an underlying issue, while the

 grant of attorneys’ fees in the case at bar stems from a Rule 11 motion for sanctions

 intended to address Defendant’s conduct in the ongoing lawsuit. Id. at 741, 816

 S.E.2d at 872. “[A]n order which completely disposes of one of several issues in a

 lawsuit affects a substantial right.” Case v. Case, 73 N.C. App. 76, 78, 325 S.E.2d

 661, 663 (1985) (citing Oestreicher v. Stores, 290 N.C. 118, 225 S.E. 2d 797 (1976)).

 However, the sanctioning nature of the issue in the present case does not involve the

 disposal of an issue underlying the parties’ original divorce litigation; rather, it

 presents an entirely new question. The trial court ordered Defendant to pay Plaintiff

 $15,000.00 in attorneys’ fees, to be remitted in monthly increments of $300.00 until

 paid in full. The order of such a sanction, pursuant to Rule 11, was imposed to

 address and deter Defendant’s conduct, which the trial court found to be significant

 in the ongoing action. The imposition of the Rule 11 sanctions was clearly intended

 to serve as a continuing deterrent, not as a signifier of the disposal of an issue

 underlying the parties’ original divorce litigation. See Case, 73 N.C. App at 78, 325

 S.E2d at 663.

¶ 10 Secondly, according to N.C. Gen. Stat. § 50-16.4 (2021), “the court may, upon

 application of such spouse, enter an order for reasonable counsel fees, to be paid and
 PRESTON V. PRESTON

 2022-NCCOA-207

 Opinion of the Court

 secured by the supporting spouse in the same manner as alimony.” N.C. Gen. Stat §

 50-16.4 (emphasis added). Based on the plain language of N.C. Gen. Stat. § 50-16.4,

 the legislature intended a dependent spouse should receive the award when a request

 for attorneys’ fees was made pursuant to the statute.

¶ 11 There is a difference between the N.C. Gen. Stat. § 50-16.4 scenario and a

 request for attorneys’ fees made pursuant to a Rule 11 motion for sanctions, as the

 purpose of an award for attorneys’ fees in conjunction with a Rule 11 motion for

 sanctions is to prevent a party’s injurious conduct, including harassment and causing

 unnecessary delay, from continuing during ongoing litigation. See N.C. Gen. Stat. §

 1A-1, R. 11. Although Defendant admitted in her complaint for post separation

 support and alimony she is the “dependent spouse,” and Plaintiff is the “supporting

 spouse” pursuant to N.C. Gen. Stat. § 50-16.1A (2), (5) (2021), and stated she does not

 have adequate resources to meet her reasonable needs, Plaintiff’s request for

 attorneys’ fees in conjunction with a Rule 11 motion is not limited by a qualifier

 suggesting the receiver of the award should be the dependent spouse. Cf. Beasley,

 259 N.C. App. at 751, 816 S.E.2d at 877-78.

¶ 12 Where Plaintiff’s request for attorneys’ fees was made in conjunction with a

 Rule 11 motion for sanctions, whether the sanction involved an immediate payment

 of a significant amount of money is important to the determination of whether the

 sanction affects a substantial right. See Estate of Redden ex rel. Morely at 116-17,
 PRESTON V. PRESTON

 2022-NCCOA-207

 Opinion of the Court

 632 S.E.2d at 798. However, no case law exists to support the contention Defendant’s

 status as a dependent spouse affects whether Defendant has a substantial right to

 have this Court hear her interlocutory appeal. Defendant’s bare assertion she is

 unable to pay does not suffice to confer jurisdiction on this Court. See, e.g., Hoke Cty.

 Bd. of Educ. v. State, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009) (“The

 appellants must present more than a bare assertion that the order affects a

 substantial right; they must demonstrate why the order affects a substantial right.”).

 Defendant provides no argument in her brief attempting to meet her burden of

 establishing that a substantial right will be affected unless she is allowed an

 immediate appeal from an interlocutory order. See Embler v. Embler, 143 N.C. App.

 162, 166, 545 S.E.2d 259, 262 (2001) (citation omitted) (“The burden is on the

 appellant to establish that a substantial right will be affected unless he is allowed

 immediate appeal from an interlocutory order.”). “It is not the duty of this Court to

 construct arguments for or find support for appellant’s right to appeal from an

 interlocutory order[.]” Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380,

 444 S.E.2d 252, 254 (1994). This Court therefore lacks jurisdiction to hear

 Defendant’s appeal based on the contention the award of attorneys’ fees affects a

 substantial right.

 III. Conclusion

¶ 13 The trial court’s award of Plaintiff’s request for attorneys’ fees in conjunction
 PRESTON V. PRESTON

 2022-NCCOA-207

 Opinion of the Court

with a Rule 11 motion for sanctions against Defendant does not dispose of an

underlying issue involved in the parties’ divorce litigation and has not been shown by

Defendant to affect a substantial right. This Court does not have jurisdiction to hear

Defendant’s appeal from an interlocutory order, and Defendant’s appeal is therefore

dismissed.

 DISMISSED.

 Judge ARROWOOD concurs.

 Judge TYSON dissents by separate opinion.
 No. COA21-204 – Preston v. Preston

 TYSON, Judge, dissenting

¶ 14 Plaintiff’s counsel’s anticipation of a potential adverse outcome on the issue of

 jurisdiction and the parties’ domicile and subsequent filing of claims in North

 Carolina does not support nor warrant Rule 11 sanctions. Plaintiff’s substantial

 rights are affected by the issuance of attorney’s fees as sanctions under Rule 11 to

 warrant an immediate review. I vote to address these substantial rights and to vacate

 the trial court’s order. I respectfully dissent.

 I. Background

¶ 15 Defendant signed a verification for her complaint for post-separation support,

 alimony, equitable distribution, and attorney fees on 14 January 2019. That

 complaint was not filed until 15 January 2020, after the jurisdictional hearing and

 ruling. Defendant’s complaint stated Plaintiff was a resident of North Carolina,

 admitted jurisdiction was proper, and was filed one hour after the hearing concluded.

 Defendant filed a motion to stay the divorce proceeding in February 2020 which was

 denied. Plaintiff then filed his motion for Rule 11 sanctions and for attorney fees.

 The divorce had not been finalized at the time both parties’ briefs were filed.

¶ 16 The trial court granted Plaintiff’s request for sanctions against Defendant and

 ordered Defendant to pay Plaintiff $15,000.00 in attorney fees. Defendant appeals.

 II. Jurisdiction

 A. Interlocutory Appeal
 PRESTON V. PRESTON

 2022-NCCOA-207

 TYSON, J., dissenting

¶ 17 “An interlocutory order is one made during the pendency of an action, which

 does not dispose of the case, but leaves it for further action by the trial court in order

 to settle and determine the entire controversy.” Beasley v. Beasley, 259 N.C. App. 735,

 738, 816 S.E.2d 866, 870 (2018) (citation omitted). “[N]o appeal lies to an appellate

 court from an interlocutory order or ruling of the trial judge unless such ruling or

 order deprives the appellant of a substantial right.” Waters v. Qualified Personnel,

 Inc., 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978) (citations omitted).

 Admittedly the “substantial right” test for appealability of
 interlocutory orders is more easily stated than applied. It
 is usually necessary to resolve the question in each case by
 considering the particular facts of that case and the
 procedural context in which the order from which appeal is
 sought was entered.

 Id. at 208, 240 S.E.2d at 343.

 B. Substantial Right

¶ 18 As the majority’s opinion explains, in Beasley, the plaintiff was ordered to pay

 $48,188.15 in attorney fees to his former wife. Beasley, 259 N.C. App. at 742, 816

 S.E.2d at 873. The trial court had not determined and resolved the couple’s equitable

 distribution claims. Id. at 741, 816 S.E.2d at 872. On appeal, the issue before this

 Court was “whether an order for attorney’s fees, which completely disposes of that

 issue as it relates to other substantive claims, is immediately appealable . . .

 particularly where . . . it arguably affects a substantial right.” Id. (citations and
 PRESTON V. PRESTON

 2022-NCCOA-207

 TYSON, J., dissenting

 internal quotation marks omitted).

¶ 19 This Court held the plaintiff’s interlocutory appeal was entitled to immediate

 review and reasoned:

 to delay plaintiff’s appeal from the order regarding
 attorney’s fees until a final determination on the merits of
 all the parties’ remaining claims would jeopardize
 plaintiff’s substantial right not only because it is “an order
 which completely disposes of one of several issues in a
 lawsuit but also because it orders plaintiff to pay a not
 insignificant amount—$48,188.15—in attorney’s fees[.]

 Id. at 742, 816 S.E.2d at 872–73 (citation omitted).

 C. Award of Attorney Fees

¶ 20 “[A] trial court’s award of attorneys’ fees must be supported by proper findings

 considering ‘the time and labor expended, the skill required, the customary fee for

 like work, and the experience or ability of the attorney.’” ACC Const., Inc. v. SunTrust

 Mortg., Inc., 239 N.C. App. 252, 271, 769 S.E.2d 200, 213 (2015) (citation omitted).

 The North Carolina State Bar has issued a conjunctive eight-factor rule concerning

 the reasonableness of attorney fees:

 (a) A lawyer shall not make an agreement for, charge, or
 collect an illegal or clearly excessive fee or charge or collect
 a clearly excessive amount for expenses. The factors to be
 considered in determining whether a fee is clearly
 excessive include the following:
 (1) the time and labor required, the novelty and
 difficulty of the questions involved, and the skill
 requisite to perform the legal service properly;
 (2) the likelihood, if apparent to the client, that the
 PRESTON V. PRESTON

 2022-NCCOA-207

 TYSON, J., dissenting

 acceptance of the particular employment will
 preclude other employment by the lawyer;
 (3) the fee customarily charged in the locality for
 similar legal services;
 (4) the amount involved and the results obtained;
 (5) the time limitations imposed by the client or by
 the circumstances;
 (6) the nature and length of the professional
 relationship with the client;
 (7) the experience, reputation, and ability of the
 lawyer or lawyers performing the services; and
 (8) whether the fee is fixed or contingent.

 27 N.C. Admin. Code 2.1.05 (Supp. 2021) (emphasis supplied).

¶ 21 Here, Plaintiff’s counsel’s fee affidavit covers the time period from the

 inception of Plaintiff’s divorce action in September 2018 up to and including

 Plaintiff’s motion for sanctions in 2020. The affidavit highlights Plaintiff’s counsel’s

 time working for Plaintiff. The trial court did not make these findings prior to award.

 The eight factors listed above to determine reasonable attorney fees are unaffected

 by the actions of the opposing party. ACC Const., Inc., 239 N.C. App. at 271, 769

 S.E.2d at 213. Defendant’s substantial rights are affected to warrant immediate

 review.

 D. Rule 11

¶ 22 Further, Rule 11 provides:

 If a pleading, motion, or other paper is signed in violation
 of this rule, the court, upon motion or upon its own
 initiative, shall impose upon the person who signed it, a
 represented party, or both, an appropriate sanction, which
 PRESTON V. PRESTON

 2022-NCCOA-207

 TYSON, J., dissenting

 may include an order to pay to the other party or parties
 the amount of the reasonable expenses incurred because of
 the filing of the pleading, motion, or other paper, including
 a reasonable attorney’s fee.

 N.C. Gen. Stat. § 1A-1, Rule 11(a) (2021) (emphasis supplied). If sanctions are

 warranted in this case, a reasonable fee must be calculated from the filing of the

 sanctioned complaint on 15 January 2020 pursuant to Rule 11, not for Defendant’s

 actions prior to the filing of the sanctioned complaint.

¶ 23 Defendant and Plaintiff each filed a myriad of complaints and motions

 throughout the preceding three years. Plaintiff argues Defendant’s jurisdictional

 challenges unreasonably caused delays. The evidence, findings, and conclusions do

 not support this assertion. Plaintiff failed to provide the proper petition and the trial

 court findings do not support a conclusion holding Defendant financially responsible

 for nearly 30 months of legal fees prior to Defendant’s purported sanctionable

 conduct. See id.

¶ 24 Defendant asserted in her complaint for post-separation support and alimony

 that she is the dependent spouse and asserts Plaintiff is the supporting spouse

 pursuant to N.C. Gen. Stat. § 50-16.1A(2),(5) (2021). Defendant stated she does not

 have adequate resources to meet her reasonable needs. The underlying divorce has

 not been finalized, which further complicates the issue of marital and non-marital

 property from which the $15,000 fee could be taken.
 PRESTON V. PRESTON

 2022-NCCOA-207

 TYSON, J., dissenting

¶ 25 Considering the particular facts of this case, Defendant’s substantial rights are

 affected by the trial court’s order to pay a “not insignificant amount” before the final

 determination of the divorce judgment. Beasley, 259 N.C. App. at 742, 816 S.E.2d at

 872-73. I vote to allow Defendant’s interlocutory appeal under a substantial right.

 III. Argument

 A. Standard of Review

 The trial court’s decision to impose or not to impose
 mandatory sanctions under N.C.G.S. § 1A–1, Rule 11(a) is
 reviewable de novo as a legal issue. In the de novo review,
 the appellate court will determine (1) whether the trial
 court’s conclusions of law support its judgment or
 determination, (2) whether the trial court’s conclusions of
 law are supported by its findings of fact, and (3) whether
 the findings of fact are supported by a sufficiency of the
 evidence.

 ....

 [I]n reviewing the appropriateness of the particular
 sanction imposed, an “abuse of discretion” standard is
 proper[.]

 Turner v. Duke Univ., 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

 B. Imposition of Rule 11 Sanctions

¶ 26 Defendant argues the trial court erred in issuing Rule 11 sanctions against

 her. Plaintiff argues Defendant’s signature and date on the verification de facto

 violates Rule 11 and requires sanctions as a matter of law. Rule 11 states in relevant

 part:
 PRESTON V. PRESTON

 2022-NCCOA-207

 TYSON, J., dissenting

 The signature of an attorney or party constitutes a
 certificate by him that he has read the pleading, motion, or
 other paper; that to the best of his knowledge, information,
 and belief formed after reasonable inquiry it is well
 grounded in fact and is warranted by existing law or a good
 faith argument for the extension, modification, or reversal
 of existing law, and that it is not interposed for any
 improper purpose, such as to harass or to cause
 unnecessary delay or needless increase in the cost of
 litigation.

 N.C. Gen. Stat. § 1A-1, Rule 11(a) (emphasis supplied).

¶ 27 When a party acts in “good faith and upon the advice of counsel” our Supreme

 Court has held that such conduct is objectively reasonable. Bryson v. Sullivan, 330

 N.C. 644, 662, 412 S.E.2d 327, 336 (1992). Counsel bears a duty to zealously advocate

 for her client. 27 N.C. Admin. Code 2.0.1(b) (2021).

¶ 28 Here, Defendant’s attorney had prepared a summons, draft complaint, and

 verification, which Defendant signed on 14 January 2020, to be filed in the event of

 an adverse ruling by the trial court the next day. During the hearing, Defendant, a

 resident of the state of Maryland, had argued North Carolina did not have proper

 jurisdiction over the parties’ divorce proceedings. The parties stipulate the trial

 court’s determination that subject matter and personal jurisdiction were proper in

 North Carolina did not occur until 15 January 2020.

¶ 29 Defense counsel signed the summons and complaint and filed them

 approximately one hour after conclusion and ruling on the hearing on 15 January
 PRESTON V. PRESTON

 2022-NCCOA-207

 TYSON, J., dissenting

 2020. Plaintiff argues one hour after the hearing, Defendant acknowledged North

 Carolina courts have jurisdiction in her filed compliant for post-separation support,

 alimony, equitable distribution, and attorney fees. Defense counsel claimed she

 followed this protocol to preserve Defendant’s answer to and claims on the merits of

 Plaintiff’s complaint for divorce.

¶ 30 The trial court’s Rule 11 findings of fact stated Defendant’s actions warrant

 sanctions because she “was duly sworn and… acknowledged that the contents of the

 Complaint were true of her own personal knowledge.” When the complaint and

 verification were filed, the trial court had already determined jurisdiction was proper

 in North Carolina. Defendant acknowledged North Carolina’s jurisdiction as the

 court had ruled.

¶ 31 Defendant acted in good faith following the guidance of her counsel in signing

 the corresponding complaint and verification, which was filed only after the adverse

 ruling on jurisdiction. Defendant accepted the trial court’s ruling after the hearing

 and moved forward with her legal strategy to preserve her claims and defenses on

 the merits. Defendant is not required to agree with the trial court’s determination

 before she signs and her counsel files a complaint.

¶ 32 It is not sanctionable for counsel to alternatively anticipate an adverse outcome

 and to plan accordingly. Defendant’s acknowledgement of North Carolina

 jurisdiction only occurred after her attorney filed her complaint to protect her marital
 PRESTON V. PRESTON

 2022-NCCOA-207

 TYSON, J., dissenting

 interests in North Carolina. Whether it was filed an hour, day, or week later after

 the court ruled is immaterial.

¶ 33 Even if sanctions were appropriate, the trial court made an error of law and

 abused its discretion by ordering Defendant to pay for the entirety of Plaintiff’s

 attorney fees. Both parties filed a myriad of complaints and motions throughout the

 preceding. Plaintiff failed to show why Defendant should be financially responsible

 for more than two years of legal fees prior to Defendant’s purported sanctionable

 conduct. See N.C. Gen. Stat. § 1A-1, Rule 11(a).

¶ 34 The majority’s opinion acknowledges the implementation of Rule 11 sanctions

 is the basis to award attorney fees in this case. The imposition of Rule 11 sanctions

 against Defendant which resulted in ordering her to pay Defendant’s attorney’s fees

 from inception is unreasonable and invalid. Plaintiff’s arguments are without merit.

 IV. Conclusion

¶ 35 Defendant has asserted and shown a substantial right to merit immediate

 review. Defendant’s counsel acted zealously and pre-emptively in preparing

 summons, a complaint, and a verification to be signed by an out-of-state party in

 anticipation of a potential adverse ruling on jurisdiction and domicile. Rule 11 is not

 violated by preparing drafts of pleadings in anticipation of an unfavorable ruling,

 which are not filed until after the court’s decision. Defendant acted in good faith

 under advice of counsel. See Bryson, 330 N.C. at 662, 412 S.E.2d at 336
 PRESTON V. PRESTON

 2022-NCCOA-207

 TYSON, J., dissenting

¶ 36 Substantial attorney fees awarded as Rule 11 sanctions are immediately

 appealable and are not warranted under these facts. The award of Plaintiff’s

 substantial attorney fees for other and non- jurisdictional matters against Defendant,

 a dependent spouse, is also unwarranted. I vote to vacate the sanctions order and

 remand to the trial court for further proceedings. I respectfully dissent.