BRYANT, Judge.
*736 Where the trial court's order for attorney's fees effectively disposes of plaintiff's claim for attorney's fees as they relate to the issues of child support and child custody; and plaintiff's interlocutory appeal affects a substantial right, we review plaintiff's appeal. Where the trial court's findings of fact are supported by competent evidence and in turn support the conclusion that defendant is entitled to receive a portion of her attorney's fees, we affirm the order of the trial court.
Plaintiff Brian Carter Beasley and defendant Katherine Leigh Beasley were married for sixteen years. The parties separated on 2 September 2015. They have one minor child, currently seven years old.
Plaintiff initiated the instant lawsuit on 25 September 2015 by filing claims for child custody, child support, motion for medical records of defendant, and attorney's fees. Defendant filed a Motion to Strike, Answer, and Counterclaims on 23 November 2015. Meanwhile, the parties were unable to reach a mediated parenting agreement as to child custody.
When the cross-claims for child custody came on for hearing on 18 February 2016, the parties resolved the issue by consent in a Memorandum of Judgment/Order entered that same day. A consent order for child custody was entered on 29 July 2016 nun pro tunc 18 February 2016, which reserved any and all pending claims, including but not limited to attorney's fees. Pursuant to the consent order, the parties also agreed that defendant would relocate from Winston-Salem, North Carolina, to Madison County, Alabama, in May 2016. In April, the parties entered into a Consent Order to Sell Former Marital Residence, in which they agreed the funds from the sale of the marital home would be held in the parties' attorneys' trust accounts until resolution of the pending cross-claims for equitable distribution.
Plaintiff and defendant again reached an impasse at private mediation. On 31 May, the parties proceeded to a hearing before the *737 Honorable Lisa V. L. Menefee, Chief Judge presiding in Forsyth County District Court on the pending cross-claims for child support and defendant's claim for post-separation support. Judge Menefee rendered an oral ruling for plaintiff to pay defendant child support and post-separation support. Thereafter, the trial court entered its written order on 5 July 2016 nunc pro tunc 31 May 2016 which detailed that beginning on 1 June 2016 "and continuing on the first day of the month thereafter," plaintiff was to pay defendant $3,445.93 in post-separation support and $1,116.00 in child support. *870 On 12 July 2016, defendant filed a motion for contempt, attorney's fees, and a show cause order asking the trial court to hold plaintiff in civil and/or criminal contempt for failing to pay child support or post-separation support. Defendant's motion alleged that plaintiff owed defendant "at least $1,116 in child support arrears and at least $5,168.91 in post-separation support arrears." Defendant alleged that as of the date of filing the motion,
[p]laintiff ha[d] failed to comply with the Order in that the only money [p]laintiff has given [d]efendant is one check on June 8, 2016 in the amount of $1,116 for child support. Defendant cashed the check on June 9 or 10th at State Employees' Credit Union (SECU). On or about June 14, 2016, [d]efendant received a call from SECU notifying her that [p]laintiff's BB&T check bounced. SECU began seeking fees and reimbursement from [d]efendant.
That same day, the trial court entered a show cause order, ordering plaintiff to appear in Forsyth County District Court on 25 July 2016.
On 22 July 2016, plaintiff filed a motion to continue, stating that he had moved to Alabama where he had taken a new job and that he had been unemployed for several weeks leading up to his move. As such, plaintiff argued, he was financially unable to comply with the 5 July 2016 order. Plaintiff's motion was denied. When plaintiff failed to appear on 25 July on the show cause order, the Honorable Camille Banks-Payne, Judge presiding, entered a Commitment Order for Civil Contempt against plaintiff.
On 31 August 2016, defendant noticed for hearing the issue of attorney's fees related to her resolved claims for child custody, child support, and post-separation support, and the hearing was set for 26 October 2016. At the hearing, the court received into evidence, without objection, the affidavit of attorney's fees of defendant's counsel. On 28 December 2016 nunc pro tunc 26 October 2016, the trial court entered *738 its Order for Attorney's fees, stating it had considered the "voluminous pleadings of record to include[,] but not limited to[,] the Order for Child Support and Order for Post-Separation Support[,] ... the Consent Order for Child Custody[,] ... the motions to continue, ... the verified Affidavit of Attorney's fees presented by Defendant's counsel, and arguments of counsel[.]" The trial court ordered that "Plaintiff shall pay directly to Defendant's attorneys ... attorney's fees in the total amount of $48,188.15 by no later than December 31, 2016." Plaintiff appeals.
_________________________
Plaintiff concedes that his appeal from the trial court's Order for Attorney's Fees is interlocutory, as other claims in this case remain outstanding. We first address the interlocutory nature of plaintiff's appeal.
"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Musick v. Musick , 203 N.C.App. 368, 370, 691 S.E.2d 61, 62-63 (2010) (quoting McIntyre v. McIntyre , 175 N.C.App. 558, 561-62, 623 S.E.2d 828, 831 (2006) ).
While a final judgment is always appealable, an interlocutory order may be appealed immediately only if (i) the trial court certifies the case for immediate appeal pursuant to N.C.G.S. § 1A-1, Rule 54(b), or (ii) the order "affects a substantial right of the appellant that would be lost without immediate review."
Id. at 370, 691 S.E.2d at 63 (quoting McIntyre , 175 N.C. App. at 562, 623 S.E.2d at 831 ). As the trial court in the instant case did not certify the order for attorney's fees pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), plaintiff's right to an immediate appeal, if one exists, necessarily depends on whether the trial court's order denying his motion affects a substantial right. See id. (citation omitted).
"The burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order." Embler v. Embler , 143 N.C.App. 162, 166, 545 S.E.2d 259, 262 (2001) (citation omitted). "Th[e] [substantial right] rule is grounded in sound policy considerations. Its goal is to 'prevent fragmentary and premature appeals that unnecessarily *871 delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard.' " Id. at 165, 545 S.E.2d at 261-62 (quoting Bailey v. Gooding , 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980) ). *739 However, "an order which completely disposes of one of several issues in a lawsuit affects a substantial right." Case v. Case , 73 N.C.App. 76, 78, 325 S.E.2d 661, 663 (1985) (citation omitted) (allowing immediate appeal of the trial court's entry of summary judgment on the defendant's counterclaim for equitable distribution as it affected a substantial right, even though claims for absolute divorce, child custody, and child support were still pending in the trial court).
In August 2013, the following statutory provision ("Maintenance of certain appeals allowed") became effective and applies to the instant appeal:
Notwithstanding any other pending claims filed in the same action, a party may appeal from an order or judgment adjudicating a claim for absolute divorce, divorce from bed and board, child custody, child support, alimony, or equitable distribution if the order or judgment would otherwise be a final order or judgment within the meaning of G.S. 1A-1, Rule 54(b), but for the other pending claims in the same action. A party does not forfeit the right to appeal under this section if the party fails to immediately appeal from an order or judgment described in this section. An appeal from an order or judgment under this section shall not deprive the trial court of jurisdiction over any other claims pending in the same action.
N.C. Gen. Stat. § 50-19.1 (2017). In other words, this provision creates a kind of intermediate class of "quasi-interlocutory" orders that would be final if considered in isolation, but would technically not otherwise be "final" under Rule 54(b) because another related claim (or "issue") is still pending in the larger action. See id.
In Comstock v. Comstock , this Court dismissed attempted interlocutory appeals from an injunction order and domestic relations order on the grounds that these types of orders "are not included on the list of immediately appealable interlocutory orders." 240 N.C.App. 304, 322, 771 S.E.2d 602, 615 (2015) (citing N.C.G.S. § 50-19.1 ). Based on this reasoning and interpretation of section 50-19.1, it appears this Court was guided by the doctrine of expressio unius est exclusio alterius , which, in the context of statutory construction, "provides that the mention of such specific exceptions implies the exclusion of others." Morrison v. Sears, Roebuck & Co. , 319 N.C. 298, 303, 354 S.E.2d 495, 498 (1987) (citations omitted). In other words, this reasoning in Comstock implies that only the types of orders specifically included on the list in *740 Section 50-19.1-absolute divorce, divorce from bed and board, child custody, child support, alimony, or equitable distribution-may be appealed pursuant to N.C. Gen. Stat. § 50-19.1. Not "specifically included on the list" of claims in section 50-19.1 are any of the provisions for attorney's fees included in Chapter 50. See, e.g. , N.C. Gen. Stat. § 50-13.6 (2017) ("Counsel fees in actions for custody and support of minor children"); N.C. Gen. Stat. § 50-16.4 (2017) ("Counsel fees in actions for alimony, post-separation support"). Following the reasoning in Comstock and the doctrine of expresio unius est exlcusio alterius , it could be inferred that the legislature's intent in excluding orders for attorney's fees from section 50-19.1 means these issues are not appealable (when interlocutory) under this provision. See Comstock , 240 N.C.App. at 322-23, 771 S.E.2d at 615.
However, Duncan v. Duncan , 366 N.C. 544, 742 S.E.2d 799 (2013), which was decided in June 2013-two months before N.C. Gen. Stat. § 50-19.1 was enacted, see N.C. Sess. Laws 2013-411, § 2, eff. Aug. 23, 2013-possibly complicates this issue.
In Duncan , the Supreme Court "clarif[ied] the effect of an unresolved request for attorney's fees on an appeal from an order that otherwise fully determines the action." 366 N.C. at 545, 742 S.E.2d at 800. The Supreme Court held that
[o]nce the trial court enters an order that decides all substantive claims, the right to appeal commences. Failure to appeal from that order forfeits the right. Because attorney's fees and costs are collateral to a *872 final judgment on the merits , an unresolved request for attorney's fees and costs does not render interlocutory an appeal from the trial court's order.
Id. (emphasis added). In other words, (1) "attorney's fees" is a non-substantive "issue," and not a substantive "claim" (at least in relation to a claim for alimony); and (2) entry of an alimony order constitutes entry of a final order for purposes of Rule 54(b), notwithstanding the fact that a related attorney's fees "issue" might still be pending. See id. at 546, 742 S.E.2d at 801 ("Though an open request for attorney's fees and costs necessitates further proceedings in the trial court, the unresolved issue does not prevent judgment on the merits from being final." (internal citations omitted)). Thus, per the analysis set forth in Duncan , a pending attorney's fees "issue" would not count as a pending "claim" for purposes of Section 50-19.1. See id; but see N.C. Sess. Laws 2013-411, § 2, eff. Aug. 23, 2013 (enacting N.C. Gen. Stat. § 50-19.1 two months *741 after Duncan was decided). Notably, neither Duncan nor Comstock (nor any other case) has interpreted N.C. Gen. Stat. § 50-19.1 through the particular factual lens facing us in the instant appeal.
Here, the trial court's order as to attorney's fees has effectively (and completely) disposed of the "issue" of attorney's fees relating to the parties' "claims" for child support, child custody, and post-separation support. These substantive "claims" (for child support, child custody, and post-separation support), see Duncan , 366 N.C. at 545-46, 742 S.E.2d at 800-01, have been fully litigated and decided, as has the "issue" of attorney's fees as it relates to the aforementioned claims. The parties' claims for equitable distribution, however, remain pending before the trial court. Thus, the question we are presented with is whether an order for attorney's fees, which completely disposes of that issue as it relates to other substantive claims, is immediately appealable pursuant to N.C. Gen. Stat. § 50-19.1 ; particularly where, as here, it is nevertheless "an order which completely disposes of one of several issues in a lawsuit," and it arguably "affects a substantial right." See Case , 73 N.C.App. at 78, 325 S.E.2d at 663 ("[A]n order which completely disposes of one of several issues in a lawsuit affects a substantial right." (citation omitted)).
In Case , the trial court's order for partial summary judgment "concluded that [a] separation agreement [between the plaintiff and the defendant] was valid" and therefore the agreement served as "a bar to the [defendant's] counterclaim for equitable distribution[.]" Id. at 78-79, 325 S.E.2d at 663. In other words, the order "completely dispose[d] of the issue of equitable distribution," including the defendant's counterclaim for equitable distribution, "thereby affecting a substantial right of [the] defendant and rendering the appeal reviewable." Id. ; see Honeycutt v. Honeycutt , 208 N.C. App. 70, 75, 701 S.E.2d 689, 692-93 (2010) (discussing the reasoning in Case regarding why an interlocutory appeal should be heard and how it affected a defendant's substantial right).
Here, the trial court's order as to attorney's fees functions in a similar way as did the order in Case , which barred the defendant's counterclaim for equitable distribution-it effectively disposes of plaintiff's claim for attorney's fees as they relate to the litigating of the issues of child support, child custody, and post-separation support. In plaintiff's original complaint,[1] he included a claim for attorney's fees.
*742 The child support, child custody, and post-separation support claims have been fully litigated and decided, and the issue of attorney's fees as it relates to the aforementioned claims has also been finally determined. As such, to delay plaintiff's appeal from the order regarding attorney's fees until a final determination on the merits of all the parties' remaining claims would jeopardize plaintiff's substantial right not only because it is "an order which completely disposes of one of several issues in a lawsuit ...." Case , 73 N.C.App. at 78, 325 S.E.2d at 663 (citation omitted), but also because it orders plaintiff to pay a not insignificant *873 amount-$48,188.15-in attorney's fees, see Estate of Redden ex rel. Morley v. Redden , 179 N.C.App. 113, 116-17, 632 S.E.2d 794, 798 (2006) ("The Order appealed affects a substantial right of [the] Defendant ... by ordering her to make immediate payment of a significant amount of money; therefore this Court has jurisdiction over the Defendant's appeal pursuant to N.C. Gen. Stat. 1-277 and N.C. Gen. Stat. 7A-27(d)." (citations omitted)), remanded on other grounds , 361 N.C. 352, 649 S.E.2d 638 (2007).
Furthermore, this Court has allowed interlocutory family law appeals from orders which "affect a substantial right." In Sorey v. Sorey , this Court held that an order denying a claim for post-separation support (a claim not included in the list of immediately appealable claims in section 50-19.1 ) affected a substantial right and, thus, was subject to immediate interlocutory appeal. 233 N.C.App. 682, 684, 757 S.E.2d 518, 519 (2014) (relying on Mayer v. Mayer , 66 N.C.App. 522, 525, 311 S.E.2d 659, 662 (1984) ); see also McConnell v. McConnell , 151 N.C.App. 622, 624-25, 566 S.E.2d 801, 803-04 (2002) (allowing an interlocutory appeal from a child custody order based on a "substantial right" where a child was deemed to be subject to an immediate threat of sexual molestation).
We conclude that while N.C. Gen. Stat. § 50-19.1 restricts interlocutory family law appeals to those claims listed in that section, an avenue for appeal nevertheless exists. Based on this Court's precedent, which has allowed interlocutory appeals in family law cases based on a "substantial right," we determine that the traditional "substantial right" exception may also apply to other interlocutory orders entered in a family law case-such as the one here for attorney's fees-but that do not appear listed in section 50-19.1. As such, we consider the merits of plaintiff's appeal.
_________________________
Plaintiff argues (I) the trial court abused its discretion when it awarded $48,188.15 in attorney's fees because Findings of Fact 14-24 *743 are unsupported by competent evidence and (II) the trial court's findings of fact do not in turn support the conclusion that defendant be awarded attorney's fees.
I
Plaintiff first argues Findings of Fact 14-24 are unsupported by competent evidence. Specifically, plaintiff contends that the findings are unsupported by competent evidence because the trial transcript indicates that "the trial court heard no evidence of any kind .... There was no testimony taken at the hearing, and no evidence that would establish that [defendant] is the dependent spouse or that she lacked means and ability to defray the cost of the litigation." However, defendant argues that plaintiff has waived his right to review of this issue because he failed to properly preserve for appellate review his challenges to Findings of Fact 14-24. We first address defendant's waiver argument.
" 'In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired' and must have 'obtain[ed] a ruling upon the party's request, objection, or motion.' " In re J.H. , 244 N.C.App. 255, 269, 780 S.E.2d 228, 239 (2015) (alteration in original) (quoting N.C. R. App. P. 10(a)(1) ).
A. Finding of Fact 14
In the instant case, plaintiff's attorney objected to the trial court's decision to not hear evidence and to incorporate findings from affidavits and prior hearings:
[Plaintiff's attorney]: ... I just wanted to object for the record to findings being incorporated from a prior hearing. I don't believe that hearing -- I could be wrong. I don't believe that hearing was noticed for attorney's fees.
THE COURT: You are correct. It was not noticed for attorney's fees. Attorney's fees were reserved for a later date. However, continue.
[Plaintiff's attorney]: Just again for the record, so I would object to any findings being incorporated from a prior hearing at this point because of facts that existed at the time that that hearing was for [post-separation *874 support] are different from the facts that exist today. The motion for attorney's fees was noticed for today. So we are here to adjudicate facts as they exist today, primarily [defendant's] *744 allegation that she does not have the means and ability to defray the cost of litigation. So I would argue that I have the -- I should be able to require that [defendant] take the stand and present evidence in the form of testimony or otherwise and I have the opportunity to cross-examine her on that evidence, testimony or otherwise.
I -- I do not have the opportunity to do that, and I would just argue that that would need to be the basis for which the Court makes its findings of fact and so that is my sole objection at this point.
Plaintiff's attorney objected again at the end of the hearing:
I had no contention whatsoever about a single minute that [defendant's attorney] is alleging that she or her staff or anyone in her office spent on this case. None of my objection is rooted in that, so I just want to make that clear.
My objection is simply limited to the vary narrow proposition that the facts need to be provided today in this hearing for the Court to make its findings of fact, and there is no testimony today and no -- therefore, no facts upon which the Court can make its findings of fact. I understand the Court's position, but I'm just making that limited objection and that anything that [defendant's attorney] says in the form of facts about the case I would -- I would object to that because [defendant's attorney] can't testify as a witness.
But none of my objections are aimed at any amount of time that [defendant's attorney] or her office or staff has -- has had to partake to get these things to whatever phases they had to ....
Defendant appears to challenge plaintiff's failure to object to specific findings of fact-14-24-but ignores the crux of plaintiff's objection, which was that no additional evidence was presented to the trial court; and therefore, no basis existed upon which the court could make those findings of fact. As such, plaintiff's objection to the trial court's method of making its findings without hearing evidence is sufficient to preserve his challenge on appeal to the substance of the trial court's findings of fact as not supported by competent evidence. Accordingly, we conclude plaintiff properly preserved his objection to Findings of Fact 14-24 for appellate review, and we next address the merits of plaintiff's argument.
*745 Pursuant to N.C. Gen. Stat. § 50-16.4, a party is entitled to attorney's fees for a post-separation support claim if the party is "(1) the dependent spouse, (2) entitled to the underlying relief demanded (e.g., alimony and/or child support), and (3) without sufficient means to defray the costs of litigation." Barrett v. Barrett , 140 N.C.App. 369, 374, 536 S.E.2d 642, 646 (2000) (citing Clark v. Clark , 301 N.C. 123, 135-36, 271 S.E.2d 58, 67 (1980) ). Pursuant to N.C. Gen. Stat. § 50-13.6, in a case involving claims for child custody and child support, the trial court has authority to award a party attorney's fees after first finding that the party seeking attorney's fees was "(1) acting in good faith and (2) has insufficient means to defray the expense of the suit." Burr v. Burr , 153 N.C.App. 504, 506, 570 S.E.2d 222, 224 (2002) (citation omitted). "When the statutory requirements have been met, the amount of attorney's fees to be awarded rests within the sound discretion of the trial judge and is reviewable on appeal only for abuse of discretion." Id. (quoting Hudson v. Hudson , 299 N.C. 465, 472, 263 S.E.2d 719, 724 (1980) ).
In Schneider v. Schneider , this Court determined that where a trial court held a hearing on the issue of attorney's fees, considered documentary exhibits, and, inter alia , "explicitly noted that the order was based not just on this hearing, but also on the evidence presented at the hearings regarding the other matters at issue[,]" the findings of fact in a trial court's order awarding attorney's fees was supported by competent evidence. --- N.C.App. ----, ----, 807 S.E.2d 165, 167 (2017). Similarly, in the instant case, the trial court noted in its order that it "considered the voluminous pleadings of record to include but not be limited to the Order for Child Support and Order for Post-Separation Support ... the Consent Order *875 for Child Custody ... the motions to continue, ... the verified Affidavit of Attorney's fees presented by Defendant's counsel, and arguments of counsel ...."
However, unlike the hearing in Schneider , at which the party challenging the trial court's award of attorney's fees testified, in the instant case, neither party testified at the hearing. Instead, as the trial court stated in Finding of Fact 14, which plaintiff challenges on appeal, the trial court found as follows:
14. The Court is not in receipt of any additional evidence and is relying upon the Findings of Fact as set forth in the Custody Order and the Support Order. Additionally, the Court incorporates the Findings of Fact as set forth in the Custody Order and the Support Order into this Attorney's fees Order as set forth fully herein.
*746 In other words, the trial court allowed no new evidence (aside from the affidavit for attorney's fees) and otherwise relied solely on the findings of fact in other orders, which regarded issues of custody and support and were not related to attorney's fees.
These differences between the order for attorney's fees entered in the instant case and the one entered in Schneider notwithstanding, we conclude that the trial court did not abuse its discretion when it relied on the voluminous pleadings and the court record, including the Custody and Support Orders, neither of which have been challenged or appealed by plaintiff. Nevertheless, plaintiff challenges the following findings of fact in the trial court's order, including Finding of Fact 14 discussed above, as not supported by competent evidence, and we address each finding in turn.
B. Findings of Fact 15-16
15. Upon information and belief, Plaintiff left his employment at BB&T and moved to Alabama. The Court has received no information as to his current income nor his individual and shared expenses.
16. As addressed in the Custody Order and Support Order, Defendant relocated from North Carolina to Alabama in June 2016, and the Support Order includes a finding of fact that Defendant estimated her expenses after the move to Madison, Alabama would equate those of the former marital residence to ensure the minor child attends a comparable school to Vienna Elementary and to maintain her accustomed standard of living for herself and the minor child.
These findings are supported by the trial court's Custody Order, Support Order, and plaintiff's own motion to continue filed in July 2016, in which he stated he had moved to Alabama and begun a new job there. In his amended complaint, which included a motion for attorney's fees, plaintiff did not include an affidavit detailing those fees, nor did he include updated information as to his current income since his move to Alabama. Thus, these findings are supported by the evidence.
C. Findings of Fact Nos. 17, 19-20 , 22
17. A review of the Affidavit for Attorney's fees presented by Defendant movant through counsel includes a summary of attorney's fees as of September 30, 2016, as follows:
*747 a. Total fees related to Child Custody equal $32,199.00;
b. Total fees related to Child Support equal $16,722.15;
c. Total fees related to Post-Separation Support equal $16,700.41; and
d. Total costs related to child custody, child support, and post-separation support equal $3,566.00.
....
19. The normal and reasonable value of the legal services rendered on behalf of Plaintiff for an attorney of the experience and expertise of Ruth I. Bradshaw is $250 per hour and for legal assistant/ paralegal time is at least $75 per hour. The law firm of Halvorsen Bradshaw, PLLC having spent over 100 hours in connection with Plaintiff, a reasonable fee through September 30, 2016, would be at least $64,928.78 for Defendant's claims for child custody, child support, and post-separation support. These fees and hourly rates are customary in this area.
*876 20. Defendant is an interested party acting in good faith who has insufficient means to defray the expense of this suit, including attorney's fees, and Plaintiff should be required to pay a portion of the expense of this suit, including attorney's fees. Counsel for Defendant's use of paralegals and legal assistants was appropriate and consistent with how staff members are utilized and billed in matters like Defendant's claims for child custody, child support, and post-separation support. This Court reviewed the Affidavit for Attorney's fees, and the amount of time that was spent by Ms. Bradshaw and her staff to prepare for the trial of child custody a minimum of three times custody, to prepare for the trial of child support and post-separation support, to prepare for hearing only for the hearings to be continued, to prepare for depositions, to issue, reissue, and reissue subpoenas, respond to motions, and overall the time and energy spent in dealing with what had become a highly litigious matter.
....
*748 22. As set forth in the Affidavit for Attorney's fees filed on October 26, 2016, by Defendant's counsel, from the beginning of representation concerning Defendant's counterclaims for child custody, child support, post-separation support, and attorney's fees, the attorneys have consulted with Defendant, counseled and advised Defendant, prepared pleadings and other documents, and otherwise prepared for the hearings of these matters. From the beginning of this litigation, Defendant's counsel has conferred with her at length and at frequent intervals. The nature of the litigation, its difficulty, and its substance required these conferences and necessitated preparation for litigation.
The Affidavit for Attorney's fees lists the total fees related to child custody as $32,199.22, the total fees related to child support as $16,722.15, and the total fees related to post-separation support as $16,007.41. In sum, these fees total $64,928.78, the exact amount listed in Finding of Fact 19. Findings of Fact 19 and 22 are also supported by paragraphs 2 and 6, respectively, in the Affidavit for Attorney's fees. Thus, Findings of Fact 17, 19, and 22 are supported by the evidence.
The first sentence of Finding of Fact 20, however, is actually a conclusion of law and will be reviewed as such and addressed in Section II, infra . See China Grove 152, LLC v. Town of China Grove , 242 N.C. App. 1, 5, 773 S.E.2d 566, 569 (2015) ("[T]he labels 'findings of fact' and 'conclusions of law' employed by the trial court in a written order do not determine the nature of our review." (quoting Westmoreland v. High Point Healthcare, Inc. , 218 N.C.App. 76, 79, 721 S.E.2d 712, 716 (2012) )). As for the remainder of this finding, it is supported by the extensive filings present in the record before this Court and before the trial court. The record contains almost 400 pages of motions and trial court orders, including several amended filings of notices of depositions, motions for extensions of time, and four motions to continue; three of which were filed by plaintiff. Accordingly, this finding is supported by competent evidence.
D. Findings of Fact 18 & 23
18. Defendant's attorney's fees are reasonable in light of the parties' respective earnings (wherein Defendant earns approximately 0% of the income and Plaintiff earns approximately 100% of the income) and all facts set forth in the Custody Order and Support Order.
*749 ....
23. Defendant is unable to employ adequate counsel in order to proceed as a litigant to meet Plaintiff as a litigant in this action[.]
These findings are supported by the evidence namely, the Support Order, which states that "Plaintiff earns 100% of the combined income. Defendant earns 0% of the combined income."
E. Findings of Fact 21 & 24
21. Counsel for Plaintiff is holding approximately $85,000 in his trust account and Counsel for Defendant is also holding approximately $85,000 in her trust account, with said total equaling approximately *877 $170,000 representing the proceeds from the sale of the former marital residence. The Court finds that both parties may have access to some funds in relation to the sale of the former marital residence, which could be utilized to pay their respective fees. The parties' claims for equitable distribution have not been resolved or decided by the Court. The Court is taking into consideration each parties' access to the funds held in trust by counsel in the determination of allocation of attorney's fees.
....
24. As it relates to the claims for child custody Defendant has the means, ability, and some responsibility for a portion of her attorney's fees, the Court allocates to Plaintiff attorney's fees in the amount of $21,466.00.
Plaintiff challenges Finding of Fact 21 as tending to "disprove the conclusion that defendant lacks sufficient means" to defray the cost of the litigation. However, as to the trial court's determination of whether the statutory requirements have been met as a matter of law in order to award attorney's fees, "[d]isparity of financial resources and the relative estates of the parties is not a required consideration." Cox v. Cox , 133 N.C.App. 221, 231, 515 S.E.2d 61, 68 (1999) (citing Taylor v. Taylor , 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996) ). As such, where this finding is supported by the evidence in the record, and the trial court's Finding of Fact 24 plainly contemplates the amount of funds available to defendant in her trust account, plaintiff's argument on this point is overruled.
*750 Accordingly, where the competent evidence supported the trial court's Findings of Fact 14-24, see Beall v. Beall , 290 N.C. 669, 673, 228 S.E.2d 407, 409 (1976) ("When the trial judge is authorized to find the facts, his findings, if supported by competent evidence, will not be disturbed on appeal despite the existence of evidence which would sustain contrary findings." (citations omitted)), we now address whether these findings support the trial court's conclusion that defendant is entitled to receive a portion of her attorney's fees from plaintiff.
II
Plaintiff also argues that the trial court's findings of fact do not support the trial court's conclusion of law that defendant should be awarded attorney's fees. Specifically, plaintiff argues the Order for Attorney's fees does not establish that defendant is in fact a dependent spouse or that she lacks sufficient means to defray the costs of her legal expenses. We disagree.
In a custody suit or a custody and support suit, the trial judge ... has the discretion to award attorney's fees to an interested party when that party is (1) acting in good faith and (2) has insufficient means to defray the expense of the suit. The facts required by the statute must be alleged and proved to support an order for attorney's fees. Whether these statutory requirements have been met is a question of law, reviewable on appeal. When the statutory requirements have been met, the amount of attorney's fees to be awarded rests within the sound discretion of the trial judge and is reviewable on appeal only for abuse of discretion.
Hudson , 299 N.C. at 472, 263 S.E.2d at 723-24 (internal citations omitted).
The order for attorney's fees contains detailed findings of fact, see Section I, supra , which clearly establish and support the trial court's conclusion of law that defendant is a dependent spouse with insufficient means to defray the cost of her legal expenses incurred in this litigation. The trial court specifically found that "Defendant is the 'dependent spouse,' " and "Plaintiff is the 'supporting spouse,' " two findings which plaintiff does not challenge on appeal and are therefore presumed correct and binding on appeal. See In re Schiphof , 192 N.C.App. 696, 700, 666 S.E.2d 497, 500 (2008). These findings are also supported by the trial court's Support Order (incorporated by reference), which plaintiff did not appeal, and which ordered plaintiff to pay post-separation support to defendant in the amount of $3,445.93 per month.
*751 Thus, where the trial court's findings of fact support its conclusion that defendant "is *878 the dependent spouse, is entitled to post-separation support and has insufficient means to defray her expenses and taking into account Plaintiff is the supporting spouse and his ability to pay ... Defendant is entitled to receive a portion of her attorney's fees[,]" and where "the amount of attorney's fees to be awarded rests within the sound discretion of the trial judge and is reviewable on appeal only for abuse of discretion[,]" Burr , 153 N.C.App. 504, 506, 570 S.E.2d 222, 224 (emphasis added) (quoting Hudson , 299 N.C. at 472, 263 S.E.2d at 724 ), we affirm the order of the trial court.
AFFIRMED.
Judge BERGER concurs in the result only.
Judge MURPHY dissents in a separate opinion.

On 9 January 2016, plaintiff filed a motion to amend his complaint in order to include a claim for equitable distribution. There is nothing in the record to indicate whether this motion to amend was allowed by the court.