An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-865

Filed 1 October 2025

Wake County, No. 23CV000476-910

WILLIAM TODD STOECKEL, Plaintiff,

v.

MELINDA STOECKEL, Defendant.

Appeal by plaintiff from orders entered 15 September 2023 and 9 January 2024 by Judge J. Brian Ratledge in Wake County District Court. Heard in the Court of Appeals 12 August 2025.

*Jonathan McGirt for plaintiff-appellant.*

*Marshall & Taylor, PLLC, by Travis R. Taylor, and Charles R. Ullman & Associates, PLLC, by Charles R. Ullman, for defendant-appellee.*

GORE, Judge.

This appeal arises from an interlocutory order determining the validity of a premarital agreement ("PMA") between plaintiff William Todd Stoeckel ("plaintiff" or "Todd") and defendant Melinda Stoeckel ("defendant" or "Mindy"). Plaintiff challenges the trial court's grant of summary judgment, which voided the parties' premarital agreement based on plaintiff's admitted extramarital conduct while still

legally married. Although interlocutory, the order conclusively adjudicates the validity of a PMA as defined by N.C.G.S. § 52B-2(1) and therefore affects a substantial right under N.C.G.S. § 50-19.1. *See Beasley v. Beasley*, 259 N.C. App. 735, 739 (2018). For the reasons explained below, we conclude the trial court correctly applied the plain and unambiguous language of the agreement and properly granted summary judgment. Accordingly, we affirm.

## I.

Plaintiff and defendant were married on 12 November 2013 and entered into a PMA the same day. The PMA contained two provisions relevant to this appeal. First, Article 3 provides that if Mindy commits adultery during the marriage, she waives any right to alimony or postseparation support. Second, Article 15 states that if Todd "commits adultery or engages in any form of illicit sexual behavior as defined by North Carolina law," the entire agreement shall become void.

The parties separated on 31 December 2021 and divorced on 10 March 2023. During discovery, Todd admitted he had sexual intercourse with another individual after the separation but prior to the entry of the divorce judgment. Mindy moved for summary judgment, arguing that Todd's admitted conduct voided the PMA under Article 15. The trial court granted Mindy's motion for summary judgment and denied Todd's subsequent motion for relief under Rule 59 and Rule 60.

Todd timely appealed.

## II.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573 (2008) (quoting *Forbis v. Neal,* 361 N.C. 519, 523–24 (2007)). We review the denial of a Rule 59 or Rule 60 motion for abuse of discretion. *See Worthington v. Bynum*, 305 N.C. 478, 482 (1982).

**III.**

Todd argues the trial court erred by applying an incorrect definition of "adultery" to the voiding clause in the parties' premarital agreement. Specifically, he contends the court should have limited "adultery" to pre-separation conduct consistent with North Carolina's alimony statutes, which define "marital misconduct" to include only conduct occurring before the date of separation. *See* N.C.G.S. §§ 50-16.1A(3), 50-16.2A, 50-16.3A.

We disagree. In North Carolina, when a contract is clear and unambiguous, its interpretation is a matter of law. Courts must enforce the agreement as written, giving effect to all terms and refraining from inserting or removing language. *Hodgin v. Brighton*, 196 N.C. App. 126, 128 (2009). Nor may a court rewrite the contract or impose obligations the parties did not bargain for under the guise of resolving ambiguity. *Lynn v. Lynn*, 202 N.C. App. 423, 432 (2010).

Article 15 states the agreement becomes void "[i]f Husband commits adultery or engages in any form of illicit sexual behavior as defined by North Carolina law."

Grammatically, the modifying phrase "as defined by North Carolina law" applies only to "illicit sexual behavior," not to the distinct term "adultery." The agreement does not define "adultery," nor does it include any language limiting its scope to pre-separation conduct. Even if the modifying clause were read to apply to both terms, North Carolina law does not supply a comprehensive, generally applicable definition of "adultery" outside of the alimony context. In the absence of a controlling statutory definition, we interpret the term according to its ordinary legal meaning. *See* ADULTERY, Black's Law Dictionary (12th ed. 2024) (defining adultery as "voluntary sexual intercourse between a married person and someone other than the person's spouse.").

The broader structure of the agreement supports this reading. Article 3 ties Mindy's waiver of alimony directly to the statutory framework governing spousal support and relies on the term "marital misconduct," which under the statutes excludes post-separation acts. By contrast, Article 15 operates as a sweeping forfeiture provision that voids the entire agreement if Todd engages in certain conduct. Unlike Article 3, Article 15 does not refer to "marital misconduct" and includes no temporal limitation. Although courts generally construe the same term consistently within a contract, the PMA uses "adultery" in two separate provisions serving distinct purposes. Where, as here, the language of Article 15 is clear, we decline to read into it limitations the parties did not include.

Todd's deposition testimony confirms he engaged in sexual intercourse with

- 4 -

another person prior to entry of the divorce judgment. As he remained legally married at the time, his conduct meets the plain definition of adultery. Because there is no genuine dispute of material fact, the trial court properly granted summary judgment and did not abuse its discretion in denying Todd's Rule 59 and Rule 60 motions.

## IV.

We conclude the trial court did not err in applying the plain and ordinary meaning of "adultery" under the PMA. The trial court correctly determined there was no genuine issue of material fact and properly granted summary judgment. The order denying relief under Rule 59 and Rule 60 is likewise affirmed.

AFFIRMED.

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).