An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-403

Filed 18 March 2026

Mecklenburg County, No. 22CVD016187-590

JESSICA SHEENA, Plaintiff,

v.

BRENT SHEENA, Defendant.

Appeal by defendant from order entered 1 October 2024 by Judge Johnathon Rex Marvel in Mecklenburg County District Court. Heard in the Court of Appeals 13 January 2026.

> *Krueger-Andes Law, PLLC, by Matthew Krueger-Andes, for defendant-appellant.*

> *Gardner Skelton, PLLC, by Preston O. Odom, III, and James, McElroy & Diehl, P.A., by Kristin Rempe Foarde, for plaintiff-appellee.*

ZACHARY, Judge.

Defendant appeals from the trial court's order adjudicating the parties' date of separation to be 22 May 2022. After careful review, we dismiss this interlocutory appeal for lack of jurisdiction.

## I.  Factual Background

On 3 October 2022, Plaintiff ("Wife") filed a complaint and motion for interim

distribution against Defendant ("Husband") seeking, *inter alia*, custody of their four children, child support, equitable distribution of the parties' marital and divisible property, and an interim distribution of the former marital residence to Wife.

In her complaint, Wife alleged that she and Husband separated on 2 October 2022. According to Wife's complaint, Husband "suggested to [Wife] that he wanted to separate" in April 2022; Husband "signed a year-long lease on a home and purchased and moved furniture in the home" in May 2022; and "the parties sat the minor children down and explained to them that they intended to separate" in June 2022. Wife alleged that Husband then "refused to leave the former marital residence"; stated that he would not leave until Wife signed certain financial documents; told Wife that she was "no longer permitted to sleep in the master bedroom"; and "moved the vast majority of his belongings into the basement" of the home. Wife also asserted that Husband had "engaged in acts of marital misconduct," such as "[e]xcessive use of alcohol or drugs" and "[r]eckless spending."

Husband filed an answer, affirmative defenses, and counterclaims on 14 November 2022. He alleged that "it was [Wife] (not . . . Husband) that asked for a divorce on April 28, 2022" and that she "insisted on sitting the children down and telling them that the parties were separating[,] which [Husband] did not agree with. [Husband] did not leave the residence at the advice of then[-]counsel." He explained that he moved to the basement "to avoid further harassment from [Wife]."

On 13 January 2023, Wife filed a reply and a motion for a more definite

statement. Wife "admitted that the parties physically separated on October 2, 2022, when [Wife] moved into a temporary, short-term rental with the minor children." Husband filed his response to this motion on 24 January 2023, which included a motion to strike portions of two affidavits that Wife had incorporated into her motion.

Wife filed a motion for leave to amend her complaint on 10 February 2023, in which she averred that since the filing of the initial complaint, she had "discovered and continue[d] to discover documentation and information from [Husband] that significantly change[d] [Wife]'s understanding of the circumstances surrounding the parties' separation such that [Wife] must amend her pleading to change the date of separation." In her amended complaint, filed 27 April 2023, Wife alleged that the parties were "fully separated on May 22, 2022 as demonstrated by their conduct, which made it clear to third parties that [the parties] were no longer holding themselves out as a married couple."

Husband filed an answer, affirmative defenses, and counterclaims in response to the amended complaint on 26 June 2023, in which he alleged that he had "not want[ed] to separate and wanted to figure out how to save their marriage." He further alleged that he "did not state to anyone prior to October 2, 2022, that [the parties] were separated and headed to a divorce," and denied that any of the incidents cited by Wife in her amended complaint were "example[s] of the parties not holding themselves out as a married couple or otherwise being legally separated."

The trial court conducted a hearing on 3 and 6 September 2024 to determine

the parties' date of separation and entered its order on 1 October 2024. The trial court concluded that the parties "formed the intent to separate on April 28, 2022"; that they "physically separated on May 22, 2022, at which time the parties ceased cohabitation and were no longer holding themselves out as married and living together"; that they "began living separate and apart on May 22, 2022"; and that they "continued to live separated and apart after May 22, 2022." Therefore, the court decreed that "[t]he parties' date of separation [wa]s May 22, 2022." (Emphasis omitted).

Husband filed a timely amended notice of appeal.

## II.    Discussion

Husband raises one issue on appeal: "[w]hether the trial court erred in concluding that the parties separated on 22 May 2022." Neither party disputes that the order before us determining the date of the parties' separation is an interlocutory order. Yet Husband contends that this Court may properly exercise jurisdiction because the order affects a substantial right. We disagree.

"The general rule is that there is no right of immediate appeal from interlocutory orders and judgments." *Land v. Whitley*, 388 N.C. 296, 298, 920 S.E.2d 823, 826 (2025) (cleaned up). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Mecklenburg Roofing, Inc. v. Antall,* 291 N.C. App. 351, 353, 895 S.E.2d 877, 879 (2023) (citation omitted).

- 4 -

Nonetheless, an interlocutory order may be appealed when the order "affects a substantial right." N.C. Gen. Stat. § 1-277(a) (2023). "Where the dismissal of an appeal as interlocutory could result in two different trials on the same issues, creating the possibility of inconsistent verdicts, a substantial right is prejudiced and therefore such dismissal is immediately appealable." *Est. of Harvey v. Kore-Kut, Inc.*, 180 N.C. App. 195, 198, 636 S.E.2d 210, 212 (2006). "The substantial right rule is grounded in sound policy considerations. Its goal is to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." *Beasley v. Beasley*, 259 N.C. App. 735, 738, 816 S.E.2d 866, 870–71 (2018) (cleaned up).

"The burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order." *Id.* at 738, 816 S.E.2d at 870 (citation omitted). "[T]he appellant cannot meet [his] burden under the inconsistent verdicts doctrine simply by asserting that the facts involved in the claims . . . before the trial court may overlap with the facts involved in the claims" in a separate suit. *Doe v. City of Charlotte*, 273 N.C. App. 10, 21, 848 S.E.2d 1, 10 (2020) (cleaned up). Rather, he "must explain to the Court how, in a second trial on the challenged claims, a second fact-finder might reach a result that cannot be reconciled with the outcome of the first trial." *Id.*

This Court has previously held that a trial court's determination of a date of

separation, standing alone, does not affect a substantial right. *See, e.g.*, *Stafford v. Stafford,* 133 N.C. App. 163, 165, 515 S.E.2d 43, 45, *aff'd per curiam*, 351 N.C. 94, 520 S.E.2d 785 (1999).[1] Husband attempts to distinguish the case at bar from that line of cases, asserting that, in this instance, the date of separation order affects a substantial right because "there is a separate, pending civil action in which the trial court will also need to determine the parties' date of separation."[2] Specifically, Husband notes:

> [Wife] filed the Civil Action against [Husband] asserting privacy-related claims that focus on the period between 22 May 2022 and 2 October 2022 (when [Wife] contends, and [Husband] disputes, that the parties were separated); and the parties' expectation of privacy in the former marital residence during that timeframe is directly impacted by whether they were separated (as [Wife] contends) or not separated (as [Husband] contends).

---

[1] In his initial appellate brief, Husband states that this Court in *Fish v. Fish*, 276 N.C. App. 146, 857 S.E.2d 140, 2021 WL 1138310 (2021) (unpublished), "held that an interlocutory order that determined only the parties' date of separation affected a substantial right . . . because there was a separate, pending civil action wherein the court also would be required to determine the parties' date of separation." This is incorrect. In *Fish*, we noted, as we do here, that "[o]ur courts have generally held that interlocutory orders determining the date of separation in the context of divorce proceedings do not affect a substantial right and are therefore not immediately appealable." *Id.* at *4. We determined that "[t]he record . . . [wa]s silent regarding the details or procedural status of the third-party claim and we [could not] agree that [the p]laintiff ha[d] demonstrated the risk of inconsistent verdicts." *Id.*

To explain this inconsistency, Husband states in his reply brief that, "unbeknownst to [him], two versions of the *Fish* decision exist." Husband refers to the version that he cited in his initial brief as the "Lexis version" and to the second as the "Westlaw version." Husband's assertion that there are "two versions of the *Fish* decision" misapprehends the case's procedural history. The "Lexis version" which Husband initially used to support his position, *Fish v. Fish*, 2021 WL 786604, was withdrawn by this Court and superseded by the latter of the two opinions.

[2] The details of this separate action are not in the record, and Husband's motion to supplement the record with these details was denied.

(Citations omitted).

What Husband fails to address, however, is *why* the determination of the parties' date of separation in a family law proceeding would have any legal significance in a fact-specific inquiry into the expectation of privacy in a privacy-related lawsuit or how it could lead to irreconcilable results. Moreover, if there were a substantial right affected, Husband fails to show how he would be injured by a second court's determination of a later date of separation. Indeed, a later date of separation could possibly work to Husband's advantage in the privacy action.

As noted above, a party may not establish that a substantial right will be affected "simply by asserting that the facts involved in the claims . . . before the trial court may overlap with the facts involved in the claims" in a separate suit. *Doe,* 273 N.C. App. at 21, 848 S.E.2d at 10 (cleaned up). Moreover, it is not the role of this Court "to comb through the record to understand the facts, research the elements of the various . . . claims, and then come up with a legal theory that links these separate claims (all with distinct legal elements) to an underlying, determinative question." *Id.* at 21–22, 848 S.E.2d at 10.

Husband has failed to provide a clear and articulable demonstration of the factual basis underlying his asserted substantial right and thus has not satisfied this Court "that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order." *Beasley*, 259 N.C. App. at 738, 816 S.E.2d at 870 (citation omitted). Accordingly, this "appeal is premature and must be dismissed."

*Penn-Allen Cement Co. v. Phillips & Southerland*, 182 N.C. 466, 469, 109 S.E. 257, 258 (1921) (citation omitted).

## III.    Conclusion

For the foregoing reasons, we dismiss Husband's appeal as interlocutory.

DISMISSED.

Judges COLLINS and CARPENTER concur.

Report per Rule 30(e).